456 So.2d 944 (1984)
CITY OF DELRAY BEACH, Appellant,
v.
DEPARTMENT OF TRANSPORTATION and Palm Beach County, Appellees.
No. AS-41.
District Court of Appeal of Florida, First District.
September 17, 1984.
*945 Herbert W.A. Thiele, City Atty. and Richard W. Carlson, Jr., Asst. City Atty. for City of Delray Beach, Delray Beach, for appellant.
H. Reynolds Sampson, Dept. of Transp., Tallahassee, and Rickey L. Farrell, Asst. County Atty. for Palm Beach County, West Palm Beach, for appellees.
ERVIN, Chief Judge.
Appellant, City of Delray Beach (the city), challenges a final order of the Florida Department of Transportation (DOT), upholding the functional classification and jurisdictional assignment of a roadway. We reverse and remand to the agency for further explication of its action.
In 1977 the legislature mandated DOT to classify all roads according to functional use and to assign them to city, county, state or state park jurisdiction. § 335.01(2), .04, Fla. Stat. (1977). Under this plan, roads were to be assigned to categories of use according to the character of service which they provided in relation to the total road network. § 334.03(14). The various categories, defined by the characteristics of traffic volume, average trip length, operating speed and mobility, included in pertinent part:
"Collector road."  A route providing service which is of relatively moderate average traffic volume, moderately average trip length, and moderately average operating speed. These routes also collect and distribute traffic between local roads or arterial roads and serve as a linkage between land access and mobility needs.
* * * * * *
"Urban minor arterial roads."  Routes which generally interconnect with, and augment, urban principal arterial routes and provide service to trips of shorter length and a lower level of travel mobility. Minor arterial routes include all arterials not classified as principal and contain facilities that place more emphasis on land access than the higher system.
§ 334.03(16), (21). DOT adopted no rules or regulations establishing objective criteria by which these definitions could be applied or their application reviewed. The classification process was, therefore, based upon subjective judgment.
The subject road, N.E. 8th Street, is a roadway bridging the Intercoastal Waterway and the road itself  although not all of its right of way  is located within the municipality. Formerly assigned to the jurisdiction of Palm Beach County (the county), the road was classified by DOT as a collector. The city contends that it is properly classified as an urban minor arterial road. All collectors not penetrated by unincorporated parcels of land are assigned to city jurisdiction, while urban minor arterials are assigned to county jurisdiction regardless of penetration. § 334.03(23), (24), Fla. Stat. (1977). As a result of classification as a collector, DOT directed that the road be transferred from county to city jurisdiction, with the city thereafter *946 assuming all obligation for repair and maintenance of the road and its draw-bridge.
The city petitioned for a hearing pursuant to Section 120.57, Florida Statutes. At the hearing, the city presented data on the subject road's characteristics as to the classification criteria and comparable data for other area roads crossing the Intercoastal Waterway which had been classified as urban minor arterials. Moreover, the city argued that even if the road were properly classified as a collector, it is assignable to county jurisdiction due to the fact that unincorporated parcels penetrate the road's right-of-way. This latter position was supported by a DOT memorandum suggesting that consideration of penetration of the right-of-way was a proper interpretation of DOT's jurisdictional policy.
In his recommended order the hearing officer found the statutory criteria for a collector road were satisfied and concluded that the road was properly assigned to city jurisdiction. The city filed lengthy objections to the recommended order detailing conflicting evidence which the recommended order failed to address and objecting to the absence of explanation of the basis for the hearing officer's conclusions. Without further explication DOT upheld the recommended order in its final order from which this appeal is taken.
The focus of this appeal is the sufficiency of the recommended order and final order to explicate and sustain incipient agency policy adequately as to its functional and jurisdictional classification of the road in question. Such explication is required by our ruling in McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977) and progeny. In this line of cases we have articulated the rule that, while agencies are free to develop policy without resort to formal rulemaking procedures, they must be prepared to defend such policy against challenge in section 120.57 hearings and that the agencies are required therein to fully and skillfully expound such policy by conventional proof methods. McDonald, 346 So.2d at 583; ABC Liquors, Inc. v. Department of Business Regulation, 397 So.2d 696, 697 (Fla. 1st DCA 1981). Further, it is required that the agency's final and recommended orders have in all respects a predicate in the record, namely a short and plain statement of the matters asserted by the agency and by all parties, the evidence, the argument, the proposed findings of fact and orders and the exceptions thereto. McDonald, 346 So.2d at 582.
DOT's order in the instant case falls far short of this standard. It fails to find a predicate in the record in that it does not adequately address the evidence presented to explicate its decision. Where, as here, an agency elects to proceed through non-rule policy it assumes the burden of articulating the rule applicable in the case with the same specificity as if it were an adopted rule. At the hearing and in resultant orders, DOT articulated no coherent reviewable policy regarding the application of functional classification that even approached the specificity of a rule. Nor did DOT sustain its burden of explicating a rule-like policy by which its jurisdictional decision was sustainable. We are compelled, therefore, to reverse the final order and remand this cause for further explication, if any be available, of DOT's decision affecting the functional and jurisdictional classification of this roadway.
BOOTH and WENTWORTH, JJ., concur.