MILLS, Judge.
The City of Hollywood appeals from an adverse ruling by the Public Employees Relations Commission (PERC). The City contends PERC improperly determined unfair labor practices were committed by the city attorney’s conduct in speaking to the city manager off-the-record during an impasse resolution proceeding and by the legislative imposition, by the city commission, of a provision eliminating the statutory right to appeal an arbitration award. We reverse in part and affirm in part.
The City and Local 1375 were parties to a collective bargaining agreement which expired. An attempt to negotiate a successor agreement at the table failed and the parties resorted to an impasse resolution proceeding. During the hearing a table with four microphones was arranged directly in front of the city commission. Sitting closely together in a row from left to right were the personnel director, city manager, city attorney, union representative, union president and union economist.
Approximately six to eight times during the hearing, the city manager and city attorney leaned back in their chairs, turned slightly toward each other and conversed. These conversations were not broadcast by the microphones and were extremely brief, the longest one lasting roughly six to seven seconds. In past hearings of this nature, the city attorney had sat next to and spoken to the city manager with no objection from the Union.
Early in the proceeding a dispute arose as to the mechanics by which a city decision to curtail supplemental pay would be resolved. The union president expressed concern that the City would delay its proposed arbitration awards by taking appeals to the court system. In response, the city commission legislatively imposed the provision that neither party would have the right to appeal the arbitrator’s decision.
Following the impasse resolution proceeding, the Union filed unfair labor practice charges against the City alleging that the City had violated Section 447.501(l)(a) and (c), Florida Statutes (1983), by permitting the city attorney and city manager to converse privately during the hearing and by resolving that neither party could appeal an arbitration award concerning supplemental compensation. On review of the hearing officer’s recommended order, PERC adopted his findings of fact but determined as a matter of law that the City had committed unfair labor practices as charged by the Union.
In Boca Raton Fire Fighters, Local 1560, Inc., IAFF v. City of Boca Raton, 4 FPER para. 4040 (1978), PERC discussed the legislative body’s impasse responsibility where the public employer and the legislative body are one and the same. PERC stated:
The Commission will closely scrutinize the actions of a public employer/legislative body to insure good faith observance of the duty of fairness. A public employer/legislative body must seek to avoid any appearance of impropriety which indicates that the parties are not receiving equal treatment, or that the final action taken is not solely in the public interest, (emphasis added)
*1342 Herein, PERC claims that the public employer/city commission failed to maintain the proper appearance of fairness and impartiality by allowing the off-the-record conversations between the two city officials.
The general rule in Florida is that a decision by an administrative body if made within its realm of authority will be upheld if factually correct, absent some compelling circumstance, clear error or an overriding legal basis. Siegendorf v. Stone, 266 So.2d 345 (Fla.1972). In the present case, we find PERC has acted in the area of regulating attorney-client relations, a subject not within its particular province. Accordingly, we are not compelled to uphold this portion of the order and accord it the usual deference received on appeal.
As noted by PERC, there is no evidence that the activity complained of resulted in any prejudice to Local 1375. Further, the evidence submitted does not demonstrate that the city attorney was in any way acting as a conduit between the city commission and the city manager by privately relaying information. In fact, Local 1375 has not even sought to elicit the content of these conversations. Therefore, it not being apparent whether the off-the-record conversations were made in response to the statements in the hearing, or to unrelated activities, such as making an apology or light conversation, we find there was no appearance of impropriety created by this conduct.
As regards the City’s second contention, it is well settled that the legislative body’s authority to act in resolving impasse issues is limited to those items in the special master’s report which the parties were unable to agree upon. Escambia County Education Association v. School Board of Escambia County, 10 FPER para. 15160 (PERC 1984). In the present case, the matter of appealing an employee’s entitlement to supplemental pay was not discussed before the special master and, therefore, was not properly considered by the legislative body.
More importantly, the legislative body eliminated a statutory right of appeal granted by the legislature in Chapter 682 without the agreement of Local 1375. As stated in Orange County Police Benevolent Association v. City of Casselberry, 457 So.2d 1125 (Fla. 1st DCA 1984), unless the parties mutually and expressly agree to waive a statutory right, it cannot be lawfully imposed.
Further, the failure of the Union to voice a specific objection at the hearing does not constitute waiver by inaction. In order for the principle of waiver to apply, the Union must be given advance notice of a proposed unilateral change by an employer. In this case, no notice was given to Local 1375 prior to the raising of the issue at the hearing. Accordingly, we affirm this portion of the PERC order.
Affirmed in part and reversed in part.
SMITH and THOMPSON, JJ., concur.