PER CURIAM.
Appellant/City of Destín, a municipality located in Okaloosa County, appeals a Department of Transportation final order which reclassifies a state highway located within Okaloosa and Walton counties. The effect of such reclassification is to transfer the portion of the highway located within each county to, respectively, the Okaloosa County and Walton County road systems.
The instant case concerns the Department’s decision to reclassify a state highway known as “Old 98,”[1] which begins in Okaloosa County and runs eastward to terminate in Walton County.[2] The portion located within Okaloosa County is also situated entirely within the Destín city limits. The effect' of the reclassification was to remove the road from the state highway system and place it within the county road systems of the two counties in which it is located, with the result that responsibility for the maintenance of the road would be transferred from the state to the counties. Okaloosa and Walton counties were notified of appellee’s intention. Walton County and the City both challenged the reclassification and requested (and received) an administrative hearing pursuant to Section 120.57, Florida Statutes (1987). Okaloosa County did not request a hearing. The City’s and Walton County’s cases were consolidated.
At the hearing, evidence was presented by the parties concerning the proper application of the requirements and criteria of Chapter 14-12, Pla.Admin. Code governing *125 road reclassification. The City contended that the proposed reclassification was contrary to the applicable requirements in several respects. The City also contended that it should have been furnished — as were Walton and Okaloosa counties — with the notice of intent required by Section 335.-04(l)(b)2.[3], Florida Statutes and Fla.Admin. Code Rule 14-12.013(5)[4], and that the notice of public hearing required by Section 335.04(l)(b)l.[5], Florida Statutes (1985), and Rule 14-12.013(4)[6], Fla.Admin.Code was deficient because such notice was published prior to the time that the Department completed the collection of data necessary to complete its evaluation.
On appeal, the City continues to assert the above referred deficiency in the notice of public hearing required by Section 335.04(l)(b)l. and Rule 14-12.013(4). This assertion was properly dealt with by the hearing officer in his recommended order from which we quote as follows:
[T]he evidence proved that the Department published notice of the hearings it conducted in Okaloosa and Walton Counties on May 31 and 21,1986, respectively. The evidence also proved that the notices were published at least 14 days prior to the date set for the hearings. Finally, the evidence proved that the notices of the hearings were published prior to the date on which the Department conducted its traffic count on Old Highway 98 (May 22-23, 1986). The traffic count was, however, completed prior to the dates the public hearings were conducted.
The Petitioners fail to comprehend the purpose of requiring that the Department conduct a public hearing as a part of its functional classification evaluation. The purpose of requiring that a public hearing be held is to allow the citizens of the county in which a road under evaluation is located to provide “public input” to the Department. The public hearing is not intended as a forum for the review of information collected by the Department or to contest a proposed decision by the Department. Section 335.04(l)(b)l. Florida Statutes, and Rule 14-12.013(4), Florida Administrative Code, provide that public hearings are an “integral part” of the evaluation procedure and not an opportunity to review the Department’s proposed decision.
Based upon the foregoing, it is concluded that the Department gave notice of the public hearings it was required to conduct in Okaloosa and Walton Counties in a timely manner despite the fact that notice was given before the Department *126 had completed its functional evaluation or its collection of the data used in completing its evaluation.
As for the City’s contention on appeal that it was entitled under Section 335.-04(l)(b)2. and Rule 14-12.013(5), as an “affected governmental entity,” to notification of the decision to reclassify the road, we again agree with the hearing officer’s treatment of that contention and we quote from the recommended order:
After the Department completes its evaluation, it is required to notify “affected governmental entities” of its decision, if the Department determines that a public road has changed function. Section 335.04(l)(b)2, Florida Statutes (1985), and Rule 14-12.013(5), Florida Administrative Code. The notice must be given in writing within 30 days after the completion of the Department’s evaluation by certified mail, return receipt requested. Rule 14-12.013(5), Florida Administrative Code.
If a road is to be transferred from the Department to a county or municipality, Section 335.04(l)(b)3, Florida Statutes (1985), requires, among other things, the following.
the department shall notify such county or municipality of the pending transfer by certified mail, return receipt requested.
In this proceeding, the Department gave notice of its proposed decision to transfer responsibility of Old Highway 98 from the State to Okaloosa and Walton Counties only to those Counties. No notice was given to the City of Destín.
The City of Destín has argued that, because of the failure of the Department to provide it with notice of the Department’s proposed decision, “any final action by the Department to reclassify Old U.S. Highway 98 should not be made until after proper written notice is given to the City of Destín....” In support of its position, the City of Destín has argued that failure to notify it may have “eliminated substantive quantitative and qualitative information from he decision making process ... which may have been provided by the City of Destín to the Department.” The City of Destín has further argued that “[fjailure of the Department to provide the required notice to the City of Destín may have adversely affected the City’s ability to participate in the public hearing.”
The City’s arguments are not persuasive. The notice required by Section 335.04(l)(b)2 and 3, Florida Statutes (1985), and Rule 14-12.013(5), Florida Administrative Code, is to be given after the Department has completed its evaluation, which includes the public hearing(s) it is required to conduct. Notice is not therefore required to allow an affected governmental entity an opportunity to provide quantitative and qualitative information to the Department for consideration or to give the governmental entity an opportunity to prepare to participate in a public hearing(s) the Respondent is required to conduct before the notice is to be given. If the Department proposes to transfer a road between governmental entities, Section 335.04(l)(b)2, Florida Statutes (1985), requires notice to be given to those entities so that they may comply with the following requirement of Section 335.04(l)(b)2, Florida Statutes (1985):
A transfer of responsibility between governmental entities as the result of functional classification requirements shall be accomplished on a schedule mutually agreed upon by such governmental entities;....
If the Department proposes to transfer a road from the State to a county or municipality, it must give notice to the county or municipality so that the county or municipality can file an objection with the Respondent concerning the physical condition of the road and pursue its administrative and judicial review rights.
It must be remembered that the proposed decision of the Department is to reclassify Old Highway 98 from a State road to a county road. The Department has not proposed, nor has the City of Destín argued that it should have proposed, to reclassify Old Highway 98 as a city street. The purpose of the notice *127 requirement of Section 335.04(l)(b)2 and 3, Florida Statutes (1985), and Rule 14-12.013(5), Florida Administrative Code, is to inform a governmental entity that the Respondent intends to either transfer a road to or from that entity or to transfer a road from the State to the governmental entity.
Based upon the foregoing, it is concluded that the City of Destín is not an “affected governmental entity” for purposes of the notice requirements of Sections 335.04(l)(b)2, Florida Statutes (1985). The failure of the Department to give the City of Destín written notice of its proposed decision to transfer the portion of Old Highway 98 located in Oka-loosa County to Okaloosa County was not inconsistent with Sections 335.-04(l)(b)2 and 3, Florida Statutes (1985). (emphasis in original)
The Department asserts on appeal that the City, not being a transferee, did not have standing to be heard in a 120.57 hearing on the subject road reclassification. This assertion comes too late. See City of Key West v. Askew, 324 So.2d 655 (Fla. 1st DCA 1975); Yachting Arcade, Inc. v. Riverwalk Condominium Assoc. Inc., 500 So. 2d 202 (Fla. 1st DCA 1986). The City filed its petition for a 120.57 hearing, the Department referred it to D.O.A.H. for such hearing, and the matter proceeded in the normal course through a full evidentiary hearing and final order with no hint of a standing issue raised by the Department until the filing of its appellee’s brief herein.[7]
However, the Department also contends that the City’s petition for hearing and the Department’s final order should be quashed because, it claims, there was a lack of subject matter jurisdiction,[8] The Department points to the fact that Section 335.04 specifically provides for Chapter 120 review where the county or municipality files an objection concerning the physical condition of the road (Section 335.04(l)(b)3.) or when the Department and county are unable to agree on the financial ability of the county to maintain the road (Section 335.04(l)(c)). The Department contends that because of the express mention of the above two bases for Chapter 120 review, the legislative intent must be deemed to exempt the Department’s functional classification of roads from the ambit of the APA, the Department relying upon the maxim expressio unius est exclusio alteri-us — the mention of one implies the exclusion of another. We disagree.[9]
Section 335.04(l)(a), Florida Statutes (1985), states that the Department has the responsibility “of data collection for planning and functional classification purposes and shall evaluate and functionally classify all the public roads in the state.” It also directs the Department to assign each road to the appropriate public road system. Section 335.04(l)(b)l. requires the Department to make an evaluation and reclassification every five years. The Department is directed to adopt and set forth the evaluation criteria in a rule pursuant to Chapter 120. The Department is also required to “hold a public hearing in the county affected as an integral part of its evaluation procedures in order to receive public input prior to making any final determination of classification.” Sections 335.04(l)(b)2. and 3. deal *128 with the transfer of roads as a result of a change of function pursuant to such evaluations. Section 335.04(l)(b)4. directs the Department to perform such evaluations when requested by cities or counties within a reasonable time not to exceed one year.
These statutory provisions make several propositions rather clear: (1) the Department cannot make such evaluation and classification of function without first adopting criteria in a rule making proceeding pursuant to Chapter 120 (which the Department has done in the form of Rule 14-12); (2) the Department must hold a public hearing on each road evaluation and classification and receive public input; (3) the Department’s classification of road function must be based on the above; (4) roads must thereafter be assigned by the Department to the appropriate road system pursuant to such classification; and (5) where it becomes necessary by reason of the reclassification of road function, such roads will be transferred to the appropriate agency, i.e., city, county or state, pursuant to the applicable law. While Sections 335.-04(l)(b)3. and 335.04(l)(c) do contain specific reference to Chapter 120 review when the parties \re unable to agree at the time of transfer upon the condition of the road or the transferee county’s ability to financially maintain it, we do not believe that the entire balance of the administrative process governing the classification and reclassification of roads was intended to thereby be exempt from Chapter 120 review. We, therefore, reject the Department’s argument that the City’s petition for Chapter 120 review and the Department’s final order should be quashed for lack of subject matter jurisdiction.
We have, therefore, examined and considered the City’s substantive attacks made on appeal in which the City contends that the subject road was erroneously reclassified contrary to the applicable statutory and rule criteria. We find no such error.
We also reject the City’s assertions that the final order was based upon inadequately explicated incipient agency policy. The City’s reliance upon City of Delray Beach, supra, is misplaced. At the time the Department reclassified the road involved in Delray Beach, the Department had adopted no rules establishing objective criteria to be applied in classifying a road. In contrast, as earlier noted, the Department’s actions in the instant case were taken pursuant to a rule providing objective criteria for road classification. Pla.Admin.Code Rule 14-12.
AFFIRMED.
SMITH, C.J., and ERVIN and NIMMONS, JJ., concur.

. The public road in question was originally a part of U.S. 98. A new portion of highway which begins and ends at intersections with U.S. 98 and runs parallel to Old 98 was constructed, and U.S. 98 was realigned so that the new portion ("New 98”) replaces Old 98 as a part of U.S. 98.

. Pursuant to Chapters 334 and 335, Florida Statutes (1987), the state’s public roads are divided into four systems: the state highway system, the state park road system, the county road system and the city street system. Which system a road belongs to is determined by the classification that the Department assigns to the road. The Department is directed to evaluate and classify public roads based upon factors such as traffic volume, route length and other criteria. The Department is obligated to evaluate and classify every public road on a periodic basis; additionally, the Department is required to evaluate specific roads if requested to do so by a city or county.

. Section 335.04(l)(b)2., Florida Statutes, provides:
2. When the department determines that a public road has changed function, it shall within 30 days notify the affected governmental entitles in writing. A transfer of responsibility between government entities as the result of functional classification requirements shall be accomplished on a schedule mutually agreed upon by such governmental entities; however, such transfer shall occur no later than 3 years after the date the governmental entities are notified.

. Fla.Admin.Code Rule 14-12.013(5) provides:
(5) When the Department has completed the evaluation of a public road and concluded that the road has changed functions, within 30 days the Department shall send written notification by certified mail, return receipt requested, to all affected governmental entities.

. Section 335.04(l)(b)l., Florida Statutes, provides:
(b)l. Beginning July 1, 1982, the department shall evaluate and classify every public road at least once every 5 years. The .functional evaluations shall consider the character of service of the roads in relation to the total public road system, including traffic volume, route length, truck volumes, mobility, land access, and other significant factors. The factors which are used in such evaluations shall include, but not be limited to, quantitative criteria and shall be adopted by rule pursuant to chapter 120. The department shall hold a public hearing in the county affected, as an integral part of its evaluation procedures in order to receive public input prior to making any final determination of classification.

.Fla.Admin.Code Rule 14-12.013(4) provides:
(4) As part of the evaluation process, the Department shall hold a public hearing in the county in which the road is located in order to receive public input prior to making any final determination. Notice of the public hearing shall be published in the Florida Administrative Weekly and in a newspaper of general circulation in the county at least 14 days prior to the date set for the hearing.

. The Department has not suggested a distinction between standing to seek 120.68 appellate review from the final order as an "adversely affected person” and standing to be heard in a 120.57 hearing in the proceedings below. See Daniels v. State, 401 So.2d 1351, 1354 (Fla. 1st DCA 1981); compare Florida Association of Nurse Anesthetists v. Department of Professional Regulation, 500 So.2d 324, 326 (Fla. 1st DCA 1986). We, therefore, do not address such potential issue.

. This too was raised for the first time in the Department’s answer brief on appeal.

.We note that no such assertion was made by the Department in City of Delray Beach v. Department of Transportation, 456 So.2d 944 (Fla. 1st DCA 1984). Although the version of Section 335.04 applicable in City of Delray Beach, did not contain the two above referred bases for Chapter 120 review, i.e. review where condition of road or financial ability of county is in issue (the same being added by Chapter 84-291, Laws of Florida), such version did expressly provide for Chapter 120 review where "the county and department are unable to agree on the need for resurfacing.” Section 335.04(1), Florida Statutes (1983).