SHIVERS, Judge.
The City of Palm Bay (Palm Bay) appeals a Department of Transportation (DOT) final order accepting a Division of Administrative Hearing’s recommended order which transferred jurisdiction over Robert J. Conlan Boulevard (Conlan Boulevard) and a segment of Malabar Road (Malabar segment) from Brevard County to the City of Palm Bay. The Depártment moved to dismiss the appeal for lack of jurisdiction. We find our jurisdiction appropriately exercised, affirm DOT’s disposition regarding Conlan Boulevard and reverse its disposition regarding the Malabar segment and remand for further proceedings.
By letter dated September 9, 1987, DOT notified Palm Bay of all classifications and jurisdictional assignments of roads within Brevard County. Both the Malabar segment and Conlan Boulevard had been classified as Urban Collectors prior to this time and DOT left them classified as such. However, DOT determined that under Fla. Admin.Code Rule 14-12.016, the jurisdiction over these road segments should be with Palm Bay. They were previously the jurisdictional responsibility of Brevard County.
Palm Bay requested and received a Chapter 120 administrative hearing to contest DOT’s transfer of jurisdiction. The hearing officer’s recommendation, which was ultimately adopted by DOT by final order after some material amendment, approved DOT's original transfer to Palm Bay of jurisdiction over the road segments at issue. Palm Bay filed an appeal and DOT moved for dismissal on the ground that Palm Bay lacked jurisdiction under the dictates of City of Destin v. Department of Transportation, 14 F.L.W. 280 (Fla. 1st DCA Jan. 27, 1989). We subsequently *1296 withdrew that opinion and filed in its stead City of Destin v. Department of Transportation, . 541 So.2d 123 (Fla. 1st DCA 1989) wherein we stated:
“While Sections 335.04(l)(b)3. and 335.-04(l)(c) do contain specific reference to Chapter 120 review when the parties are unable to agree at the time of transfer upon the condition of the road or the transferee county’s ability to financially maintain it, we do not believe that the entire balance of the administrative process governing the classification and reclassification of roads was intended to thereby be exempt from Chapter 120 review.”
Id. at 713, 541 So.2d 123. The instant case involves a transfer of jurisdictional responsibility to Palm Bay the upholding of which was based in large part upon a construction of Fla.Admin.Code Rule 14-12.016(2)(b)4. The Department’s authority for promulgation of that Rule is derived from section 335.04. Subsection (l)(b)3. of this statute specifically addresses the instant situation whereby a “road for which responsibility is being transferred from the department to a county or municipality....” We therefore find City of Destin guides our determination of the jurisdictional issue raised by DOT. Chapter 120 review was properly taken below and the subject, matter of this appeal is properly cognizable by this court.
At issue is the jurisdictional responsibility of Conlan Boulevard which intersects with Palm Bay Road on the south and runs northeasterly to U.S. 1. Conlan Boulevard lies entirely within the incorporated area. Palm Bay Road runs east and west and is also an Urban Collector Road. Neither its classification nor its jurisdiction is at issue. Palm Bay Road and Conlan Boulevard together are also designated County Road 516. A portion of Palm Bay Road running from the intersection with Conlan Boulevard east to U.S. 1 is designated County Road 527 and is not at issue.
Jurisdictional responsibility is also at issue over the Malabar segment running east and west between Minton Road on the west and 1-95 on the east. A portion of Malabar Road beginning at 1-95 and running east is classified as Urban Minor Arterial and is not at issue. Also at issue is whether Malabar Road extends from the west from unincorporated Brevard County into incorporated Palm Bay.
“The general rule in Florida is that a decision by an administrative body if made within its realm of authority will be upheld if factually correct, absent some compelling circumstance, clear error or an overriding legal basis.” City of Hollywood v. Florida Public Employees Relations Commission, 476 So.2d 1340 (Fla. 1st DCA 1985).
We examine Rules 14-12.016(2)(b)3. and 4. and 14-12.016(2)(c). 14-12/016(2) pertains to assignment of jurisdictional responsibility; subsection (b) pertains to the County Road System; subsection 3. requires counties to have jurisdictional responsibility over “Urban Collector Roads that extend from the unincorporated area into a municipality ... to the first full intersection with a road of like or higher functional classification within the municipality.” Subsection 4. requires counties to retain jurisdictional responsibility over “[ejxisting Urban Collector roads that extend from the unincorporated areas into the incorporated areas....” Subsection (2)(c) of this Rule states that the City Street System consists of Urban Collector and Local roads inside the incorporated area.
Palm Bay argues that Malabar Road runs east and west through the City and on both ends terminates in the unincorporated areas of Brevard County. From the east, Malabar Road extends from an unincorporated area east of the segment at issue past 1-95 and into the incorporated area, but that eastern segment is classified Urban Minor Arterial and thus subsections 3. and 4. do not apply. It is unclear from the hearing officer’s findings of fact whether the western terminus of Malabar Road is within the city limits. The segment at issue lies between 1-95 on the east and Minton Road on the west. The hearing officer found, in paragraph 7 of the findings of fact, that “Malabar Road runs west of Minton Road, but remains within the city limits and terminates at the boundary be *1297 tween the city and the unincorporated area of the county.” (emphasis added). Palm Bay filed an exception to this finding stating that “Malabar Road extends from the unincorporated area of the County into the City of Palm Bay, a factor that places Malabar Road squarely within the scope of Rule 14-12.016(2)(b)4., which prohibits the transfer of jurisdiction of urban collector roads that ‘extend from the unincorporated areas into the incorporated areas.’ ” (emphasis added). It appears that Palm Bay was referring to the western area of Malabar Road. In its final order, DOT agreed with the exception and amended the sentence in the findings of fact to read “Malabar Segment” instead of “Malabar Road”, but the final order does not adequately address appellant’s assertion regarding the existence of a western terminus outside the incorporated area.
In addition, DOT’s final order did not address the statement contained in the hearing officer’s conclusions of law, paragraph 13, that “Malabar Road does not run outside the city limits on the west.” Failure to address this appears to render the final order inconsistent. We ascertain that the findings on whether Malabar Road extends from an unincorporated area into an incorporated area for purposes of determining the applicability of Rules 14-12.-016(2)(b)3. or 4. are deficient. We reverse and remand for further findings on this issue. If Malabar Road is found to extend, from the west, from an unincorporated part of Brevard County into incorporated Palm Bay, then because the road in those pertinent portions is an existing Urban Collector under subsection 4., transfer of jurisdiction to Palm Bay is in contravention of the Rule unless Minton Road (which marks the west end of the Malabar segment) is a Malabar intersection that has a “like or higher functional classification within the municipality.” Rule 14-12.016(2)(b)3.
As to Conlan Boulevard, it is entirely within the City of Palm Bay. Even though Palm Bay Road and Conlan Boulevard are both designated County Road 516, Conlan Boulevard makes a radical change in direction at its intersection with Palm Bay Road. Conlan Boulevard essentially runs north and south and Palm Bay Road runs east and west. Conlan Boulevard fits the definition of an urban street. Fla.Admin.Code Rule 14-12.015(2)(d) defines an urban street as “generally an aggregation of urban segments which comprise an extended transportation corridor. Streets usually terminate only where there is a radical change in direction.”
We reverse and remand as to the Malabar segment. We affirm the transfer of jurisdiction of Conlan Boulevard to the City finding competent, substantial evidence to support the transfer. We also affirm the remaining points on appeal.
AFFIRMED in part, REVERSED and REMANDED in part.
BARFIELD, J., concurs.
ZEHMER, J., concurs in result.