588 So.2d 624 (1991)
CITY OF PALM BAY, Appellant,
v.
STATE of Florida, DEPARTMENT OF TRANSPORTATION, Appellee.
No. 90-1203.
District Court of Appeal of Florida, First District.
October 14, 1991.
Rehearing Denied December 9, 1991.
*625 James C. Adkins, Leonard A. Carson and Lu Ann Snider, of Carson & Linn, P.A., John D.C. Newton, II of Aurell, Radey, Hinkle & Thomas, Tallahassee, and Nicholas F. Tsamoutales, Palm Bay, for appellant.
Maxine F. Ferguson, Appellate Atty., Vernon L. Whittier, Trial Atty., Thornton J. Williams, Gen. Counsel and Thomas F. Capshew, Asst. Gen. Counsel, Tallahassee, for appellee.
JOANOS, Chief Judge.
The City of Palm Bay appeals a final order of the Department of Transportation (DOT) which transferred jurisdiction of a *626 segment of Malabar Road from Brevard County to the City of Palm Bay. This is the second appearance of this matter before the court. The issues raised in this appeal are: (1) whether the court's opinion in the first appeal limited the issues to be addressed on remand, (2) whether the hearing officer abused his discretion in denying Palm Bay's motion to stay the case on remand pending resolution of Palm Bay's rule challenge, (3) whether the hearing officer abused his discretion in denying Palm Bay's motion to consolidate this proceeding and the rule challenge, and (4) whether a determination that Florida Administrative Code Rule 14-12.016 is invalid would change the law to be applied in this proceeding. We affirm.
In the prior appeal, the cause was reversed in part, and remanded for further findings with respect to Malabar Road for purposes of determining the applicability of Rules 14-12.016(2)(b)3. or 4. City of Palm Bay v. Department of Transportation, 541 So.2d 1295, 1297 (Fla. 1st DCA 1989). The remand directions form the predicate for determining the underlying issue in this case, i.e., whether the City of Palm Bay or Brevard County has jurisdictional responsibility for a segment of Malabar Road. The classification of a road determines whether the state, county, or city is financially responsible for its upkeep and maintenance.
DOT determines the classification and jurisdictional assignment of roads in urban areas by application of Florida Administrative Code Rule 14-12.016. Points are assigned to each road according to its function and characteristics. Roads with the highest points are classified as urban principal arterial roads; the number of miles in the principal and minor arterial road classifications is limited by Rule 14-12.016(1)(b)4. The county's jurisdictional responsibility for roads as set forth in Rule 14-12.016(2)(b) consists of:
1. Urban Minor Arterial roads totally within the urbanized area that are not on the State Highway System. Mileage assigned to the County within the urbanized area will not exceed the total mileage in Table 8... .
2. Urban Collector roads totally outside incorporated areas.
3. Urban Collector roads that extend from the unincorporated area into a municipality shall be the operational and maintenance responsibility of the county to the first full intersection with a road of like or higher functional classification within the municipality... .
4. Existing Urban Collector roads that extend from the unincorporated areas into the incorporated areas will remain under the jurisdiction of the entity to which they are presently assigned except as follows:
a. The road is classified to a higher, or lower functional classification; or
b. The municipal limits are changed to include the entire collector within the incorporated area; or
c. With mutual agreement between City and County.
5. Local roads outside the incorporated areas.
Under the provisions of Rule 14-12.016(2)(c), the city's jurisdictional responsiblity consists of the following roads:
1. Urban Collector roads totally inside the incorporated area.
2. Local roads that are inside the incorporated area.
As set forth in the prior opinion, in September 1987, DOT notified Palm Bay of road classifications and jurisdictional assignments within Brevard County. The Malabar segment and Conlan Boulevard remained Urban Collector roads, but DOT transferred jurisdictional responsibility for these roads to the City of Palm Bay. Prior to the transfer, they had been the jurisdictional responsibility of Brevard County. The statutes in effect in 1987 limited total mileage in the state highway system to 11,300 miles, excluding the interstate system. § 334.03(19), Fla. Stat. (1987).
Palm Bay requested and received a formal administrative hearing. DOT adopted the hearing officer's recommended order, which approved DOT's transfer of the road segments at issue to Palm Bay. 541 So.2d 1295. This court affirmed the transfer of jurisdiction over Conlan Boulevard to Palm *627 Bay, but reversed and remanded the transfer of jurisdiction over Malabar Road. 541 So.2d at 1297. On July 3, 1989, DOT issued its order of remand to the hearing officer. The remand order phrases the issues to be addressed thusly:
1. Whether Malabar Road extends from an unincorporated area into an incorporated area for purposes of determining the applicability of Florida Administrative Code Rules 14-12.016(2)3. or 4.
2. Whether Minton Road, at its intersection with Malabar Road is of a "like or higher functional classification within the municipality."
Effective July 1, 1989, and after the decision in the first appeal became final, DOT is prohibited from establishing a cap on the number of miles in the state highway system, or a maximum number of miles of urban principal arterial roads within a district or county. Ch. 89-232, § 10, Laws of Fla., codified at § 334.047, Fla. Stat. (1989). On July 12, 1989, Palm Bay petitioned the Division of Administrative Hearings to declare Florida Administrative Code Rules 14-12.015(1)(b), 14-12.016(1)(b)4, and 14-12.016(2)(b)3 invalid. Palm Bay also filed a motion to stay all proceedings until the conclusion of the rule challenge. In its motion for stay, Palm Bay alleged that if the petition were granted, some of the rules upon which the decision in the instant proceeding is based would no longer apply, and the invalidity of those rules would change the result of this proceeding.
DOT filed its notice of opposition to stay, urging that the outcome of the rule challenge would have no effect on the remand issued by this court. DOT further stated that the remand "was issued by the District Court of Appeal for a specific factual finding wherein the court applied the rule that was in effect at the time the case was heard and even if any part of the rule is found invalid, it will not be applied retroactively, and the Hearing Officer is without authority to go beyond the specific factual finding as directed by the remand of the Court."
The hearing officer concluded that the scope of his inquiry had been set by this court in its remand of the case. The hearing officer further determined that (1) transfer of jurisdiction of Malabar Road to the City of Palm Bay did not contravene Rule 14-12.016(2)(b)4, and (2) Minton Road is of like or higher functional classification with Malabar Road within the municipality and of like classification with Malabar Road at their intersection. Consequently, the county's jurisdictional responsibility for Malabar Road under Rule 14-12.016(2)(b)3 could not be extended east of Minton Road. Accordingly, the hearing officer recommended that DOT enter a final order assigning Malabar Road between Minton Road and I-95 to the City of Palm Bay. No exceptions were filed to the recommended order, and DOT adopted the hearing officer's recommended order in its supplemental final order issued March 30, 1990. Thereafter, on July 6, 1990, the hearing officer assigned to Palm Bay's rule challenge proceeding issued an order placing the rule challenge in abeyance until resolution of the instant appeal.
The first issue raised by Palm Bay concerns the scope of the issues to be addressed on remand. A remand phrased in language which limits the issues for determination will preclude consideration of new matters affecting the cause. Spitz v. Prudential-Bache Securities, Inc., 549 So.2d 777, 778 (Fla. 4th DCA 1989); Modine Manufacturing Co. v. ABC Radiator, Inc., 367 So.2d 232, 236 (Fla. 3d DCA 1979). Concomitantly, "[i]t is well settled that, upon reversal and remand with general directions for further proceedings, a trial judge is vested with broad discretion in handling or directing the course of the cause thereafter." Lucom v. Potter, 131 So.2d 724, 726 (Fla. 1961). Accord City of Pensacola v. Capital Realty Roofing Co., Inc., 417 So.2d 687, 688 (Fla. 1st DCA 1982). See also Roma Construction Co., Inc. v. Goodman, 557 So.2d 58 (Fla. 3d DCA 1989).
Palm Bay relies upon language in the opening paragraph of the prior opinion in this cause as support for its contention that the cause was remanded with general directions. We disagree. The final sentence *628 in the first paragraph of the opinion states that DOT's disposition regarding the Malabar segment was reversed and remanded "for further proceedings." The "further proceedings" terminology was used in the context of an introduction to the decision, and not as an indicator of a general remand permitting consideration of other matters. The analysis portion of the opinion notes inconsistencies and deficiencies in the findings set forth in the final order. The matter was reversed because of these perceived deficiencies, and remanded with directions to make specific factual findings with regard to "whether Malabar Road extends from an unincorporated area into an incorporated area for purposes of determining the applicability of Rules 14-12.016(2)(b)3., or 4.," and whether Minton Road is a Malabar intersection with "a like or higher functional classification within the municipality." City of Palm Bay v. Department of Transportation, 541 So.2d at 1297. Thus, the operative remand language limited the issues to be addressed on remand to those specific factual findings as to Malabar Road which were deemed deficient in the prior order.
The second and third issues concern Palm Bay's assertion that the hearing officer abused his discretion in denying a stay of the instant proceeding pending resolution of the rule challenge, and in denying the motion to consolidate this proceeding with the rule challenge. Under the provisions of Florida Administrative Code Rule 22I-6.017, a hearing officer is authorized to grant a continuance "for good cause shown." See also Fla. Admin. Code Rule 18-5.210. Thus, the grant or denial of a continuance in administrative proceedings is a discretionary matter, similar to the discretion to grant or deny a stay in judicial proceedings. City of Sarasota v. AFSCME Council, 79, 563 So.2d 830 (Fla. 1st DCA 1990); Neale v. Aycock, 340 So.2d 535 (Fla. 1st DCA), cert. denied, 351 So.2d 405 (Fla. 1977). A stay is appropriate where two cases are pending between the same parties, involving the same set of facts, and directed to the same result. Solomon v. Gordon, 148 Fla. 572, 4 So.2d 710, 711 (1941).
Of significance to the instant issue regarding the propriety of the denial of a stay in this case is the general rule that the law to be observed on remand of a case is the law as it stands at the time of retrial, as to the issues raised. Schaeper v. J.M. Fields, Inc., 362 So.2d 350 (Fla. 1st DCA 1978). The same principle applies to duly promulgated agency rules, which will be treated as presumptively valid until invalidated in a section 120.56 rule challenge. A successfully challenged rule then "become[s] void and ineffective as of the date the decision of this court becomes final." State Board of Optometry v. Society of Opthalmology, 538 So.2d 878, 889 (Fla. 1st DCA 1988), review denied, 542 So.2d 1333 (Fla. 1989).
Application of this general rule in the instant case, reveals that removal of the mileage cap on the State Highway Systems, see Ch. 88-168, § 9, Laws of Fla., will effect a change in the assignment of some roads, and has cast doubt on the validity of Rule 14-12.016(2), which was applied by DOT to transfer jurisdiction of the Malabar Road segment to the City of Palm Bay. Indeed, DOT tacitly acknowledges that the challenged rule is no longer being applied.
Closely intertwined with the contested denial of stay, is Palm Bay's challenge to the hearing officer's denial of the motion to consolidate the rule challenge with the instant proceeding. Florida Administrative Code Rule 22I-6.011 provides:
(1) If there are separate matters which involve similar issues of law or fact, or identical parties, the matters may be consolidated if it appears that consolidation would promote the just, speedy, and inexpensive resolution of the proceedings, & would not unduly prejudice the rights of a party.
See also Fla. Admin. Code Rule 28-5.106. Generally, the administration of justice is best served by consolidation of actions between the same parties involving common questions of law or fact. Consolidation is favored in such situations in the interest of judicial economy, and to avoid the possibility of inconsistent verdicts. U-Haul of *629 Northern Florida, Inc. v. White, 503 So.2d 332 (Fla. 1st DCA 1986); Johnson v. Johnson, 454 So.2d 797 (Fla. 4th DCA 1984); Wilson v. Wahl, 383 So.2d 311 (Fla. 2d DCA 1980).
The controversy between the parties to this appeal satisfies the criteria for consolidation, in the sense that the challenge to agency action and the rule challenge involve identical parties and similar issues of law and fact. However, different remedies apply in each case. Moreover, the action taken by the hearing officer upon remand of the case was in strict compliance with this court's directive to make certain clearly defined findings. In the circumstances, the denial of Palm Bay's motions cannot be considered an abuse of discretion.
The final issue raised in this appeal is Palm Bay's assertion that a determination that Rule 14-12.016 is invalid would change the law to be applied to this proceeding. Again we disagree. However, for the reasons which follow, we conclude that the change in the law has no application to our decision in the instant case.
Contemporaneously with the enactment of the substantive statutory changes which effectively preclude further application of Rule 14-12.016, the legislature enacted a savings clause designed to protect completion of those road "system assignment actions underway or taken on or before July 1, 1988." Ch. 88-168, § 11, Laws of Fla.[1] The contested transfer, i.e., system assignment action, at issue in this case was taken or underway in September 1987. Due to the clear expression of legislative intent that the change in the controlling statute will not affect road assignments undertaken prior to July 1, 1988, a determination that Rule 14-12.016 is an invalid exercise of delegated legislative authority would have no effect on the law to be applied in this case.[2]
Accordingly, the final order transferring jurisdiction of a segment of Malabar Road to the City of Palm Bay is affirmed.
SMITH, J., concurs.
BOOTH, J., specially concurring.
BOOTH, Judge, specially concurring.
I concur in the result of this opinion.
NOTES
[1] Section 11 of Chapter 88-168, Laws of Florida, states:

Nothing in sections 9 and 10 of this act shall preclude completion of system assignment actions underway or taken on or before July 1, 1988.
Section 9 of the act amended section 334.03, Florida Statutes. Of significance to the instant appeal was the act's deletion of the State Highway System mileage cap. Compare § 334.03(19)(d), Fla. Stat. (1987) and § 334.03(20)(d), Fla. Stat. (1989).
[2] This would be true even if it were ultimately determined that the 1989 amendments to section 334.047, Florida Statutes, were remedial in nature. See, generally, Thibodeaux v. Sarasota Memorial Hospital, 449 So.2d 297, 299 (Fla. 1st DCA 1984).