KAHN, Judge.
In this case we must decide whether, under the dictates of section 197.552, Florida Statutes (1987), an assignment of mortgage in favor of the City of Jacksonville (City) survives the issuance of a tax deed. The trial court ruled that “[a] mortgage ... originally granted to a private lending institution and later assigned to a municipality is not a ‘lien of record held by a municipal or county government (sic) unit,’ which survives the issuance of a tax deed within the meaning of section 197.552, Florida Statutes.” Thus, the court issued final judgment quieting title in favor of appellee, the purchaser of a tax deed. Because the clear provisions of the statute before us preserve the City’s lien, we reverse.
On March 11, 1977, one Josie Cook granted a mortgage to Fidelity Federal Savings and Loan Association of Jacksonville (Fidelity), which mortgage is recorded in the official records of Duval County. The face of the mortgage recites it was made pursuant to the City of Jacksonville’s Rehabilitation Loan .Program. On October 14, 1977, Fidelity assigned the mortgage to the City. The City duly recorded its assignment. On June 26, 1991, appellee Nashid Properties, Inc. (Nash-id) acquired title to the subject real property by tax deed.
At the time Nashid took its tax deed, section 197.552, Florida Statutes (1987), as amended by Ch. 79-334, Laws of Florida, section 1, provided:
Except as specifically provided in this chapter, no right, interest, restriction, or other covenant shall survive the issuance of a tax deed, except that a lien of record held by a municipal or county governmental unit, when such lien is not satisfied as of the disbursement of proceeds of sale under the provisions of s. 197.582, shall survive the issuance of a tax deed.
The City argues that since its assignment of mortgage is a lien of record held by a municipal government, any judicial construction which extinguishes the City’s lien is contrary to a plain reading of the statute. Relying upon Holly v. Auld, 450 So.2d 217 (Fla.1984), the City points out that courts of this state are without power to construe an unambiguous statute in a way which would extend, modify or limit the express terms or the reasonable and obvious implications of the statute. Thus, says the City, the trial court committed error by ruling the assignment of mortgage is not a lien of record.
Nashid raises two points in response to the City’s contention, and in support of the primacy of the tax deed. One argument advances a proposition of general mortgage law, and ignores the statute at hand; the *876 other seeks judicial construction of the statute.
First, Nashid argues that an assignee of a mortgage stands in the shoes of the assignor, and receives no greater benefits than those held by its assignor. Since Fidelity’s mortgage would not have survived the tax deed, neither may the City’s assignment. This argument, though relying upon a correct statement of law, see Marion Mortgage Co. v. Grennan, 106 Fla. 913, 143 So. 761 (1932), overlooks the statutory language, which focuses not only on the protected interest, a “lien of record,” but also, and primarily, upon the status of the holder of such lien. Statutory protection devolves only to a municipal or county governmental unit, under which classification the City of Jacksonville clearly falls. We thus hold that under the statute, the assignor’s lack of a protected interest does not alter the City’s entitlement to the benefits of section 197.552.
Nashid next argues that by selecting the phrase “lien of record,” the legislature intended not to protect mortgages, but rather to protect municipal or county liens originating by reason of taxes or other municipal or county services such as water and sewer improvements. At oral argument, Nashid sought to buttress this point by directing our attention to section 197.502(4)(a~e), Florida Statutes (1987). These provisions, falling in the same chapter as the statute we are called upon to construe, enumerate those persons to be notified before a tax sale of property, and include any “lienholder of record,” any “mortgagee of record,” and any “vendee of a recorded contract for deed.” § 197.502(4)(b-d), Fla.Stat. (1987). Noting the language providing separately for a “lienholder of record” and a “mortgagee,” Nashid infers that the legislature recognizes a difference between a lienholder and a mortgagee, and, by implication, between a lien of record and a mortgage. This argument thus asks us to construe the statutory phrase “lien of record” as not including mortgages.
We conclude that the phrase “lien of record” is not ambiguous and is not subject to judicial construction so as to restrict the rights conferred by the statute. Holly v. Auld, supra. We are not persuaded by Nashid’s analogy to a companion statute in chapter 197. After section 197.502 refers to any lienholder of record, any mortgagee of record, and any vendee of record, the statute goes on, in subsection (e), to mention any “other lienholder,” thus leading us to conclude that mortgagees and vendees are indeed lienholders. Moreover, longstanding statutory law in this state provides that a mortgage on real property is a lien on the property. § 697.02, Fla.Stat. (1987).
We REVERSE the judgment before us to the extent that such judgment extinguished the lien of record held by the City of Jacksonville by virtue of assignment of the Josie Cook mortgage.
ZEHMER, C.J., and BENTON, J., concur.