643 So.2d 668 (1994)
Booker T. LINCOLN, Appellant,
v.
FLORIDA PAROLE COMMISSION, Appellee.
No. 94-467.
District Court of Appeal of Florida, First District.
October 11, 1994.
*669 Booker T. Lincoln, pro se.
Kurt E. Ahrendt, Asst. Gen. Counsel, Florida Parole Com'n, Tallahassee, for appellee.
BENTON, Judge.
Booker T. Lincoln asks us to reverse the order denying his petition for writ of habeas corpus. The petition alleges that his release from prison should have been unconditional because his sentence had expired, by virtue of incentive gain-time; but that he was instead placed on conditional release, which has now been revoked, for failure to report as required. To decide the appeal, we consider the relationship among three statutory provisions enacted or amended in 1988, codified as sections 775.084(4)(e), 944.291, and 947.1405, Florida Statutes (1988 Supp.),[1] and *670 their application to prisoners sentenced as habitual offenders. We conclude that appellant's reincarceration was lawful and affirm the trial court's denial of the writ.

Chapter 88-122
In 1988, the Legislature adopted the Conditional Release Program Act (Act), since codified as section 947.1405, Florida Statutes. Ch. 88-122, § 19, at 542-43, Laws of Fla. The Act provides that inmates sentenced, as appellant was, as habitual offenders[2] shall
if released prior to serving their full sentences, be supervised for the remainder of the terms of their sentences. Appellee Florida Parole Commission is responsible for administering the conditional release program. The Commission determines when an inmate will be conditionally released and sets the terms and conditions of release, after which the Department of Corrections supervises conditional releasees.
Westlund v. Florida Parole Comm'n, 637 So.2d 52, 53 (Fla. 1st DCA 1994). "The commission shall also determine whether the terms and conditions of such release have been violated and whether such violation warrants revocation of conditional release." § 947.1405(2), Fla. Stat. (1988 Supp.). The Act was designed to prevent certain repeat offenders' early, unsupervised release from incarceration, by making them subject to supervision, in the event of early release, and to possible reincarceration.
At one time, any "prisoner who [wa]s released early because of gain-time [wa]s considered to have completed his sentence in full." State v. Green, 547 So.2d 925, 926 (Fla. 1989). See Waldrup v. Dugger, 562 So.2d 687 (Fla. 1990). But the same law that created the conditional release program amended the gain-time statute, as follows:
944.291 Prisoner release by reason of gain-time allowances. 
(1) A prisoner who has served his term or terms, less allowable statutory gain-time deductions and extra good time allowances, as provided by law, may shall not, upon release, be placed under further supervision and control of the department and shall not be subject to any statute relating to parole. However, Any such released prisoner who is not under further supervision and control of the department or who is not subject to any statute relating to parole shall be eligible, on a voluntary basis, for any assistance available to him through any parole or probation office under the department.
(2) Any prisoner who is convicted of a crime committed on or after October 1, 1988, which crime is contained in category 1, category 2, category 3, or category 4 of Rule 3.701 and Rule 3.988, Florida Rules of Criminal Procedure, and who has served at least one prior felony commitment at a state or federal correctional institution, or is sentenced as a habitual or violent habitual offender pursuant to s. 775.084, may only be released under conditional release supervision as described in chapter 947. . ..
Ch. 88-122, § 10, at 538, Laws of Fla. (Deletions struck through; additions underlined.) Both sections 10 and 19 of chapter 88-122 evince a legislative intent that a prisoner sentenced as a habitual offender, if released by reason of gain-time allowances, be released conditionally under supervision, in accordance with the Act.[3] This legislative intent is manifest from section 947.1405(2)'s *671 specific denomination of habitual offenders and from the provisions of section 944.291(2), restricting habitual offenders' release by reason of gain-time allowances to conditional release under supervision.

Chapter 88-131
Only days following adoption of chapter 88-122, the Legislature amended section 775.084, which governs habitual offender sentencing, by adding subsection (4)(e), which provides:
A sentence imposed under this section shall not be subject to the provisions of s. 921.001. The provisions of chapter 947 shall not be applied to such person. A defendant sentenced under this section shall not be eligible for gain-time granted by the Department of Corrections, except that the department may grant up to 20 days of incentive gain-time each month as provided for in s. 944.275(4)(b).
Ch. 88-131, § 6, at 706-09, Laws of Fla. Legislatively overruling Whitehead v. State, 498 So.2d 863 (Fla. 1986), the first sentence of subsection (4)(e) renders the guidelines inapplicable to habitual offender sentencing. The second sentence of subsection (4)(e), on which appellant relies, is an anachronism which, properly understood, has nothing to do with conditional release or gain-time. The third sentence plainly contemplates the release of habitual offenders who earn incentive gain-time before their full terms have run.

Self-Defeating Argument
Appellant Lincoln contends that the second sentence of section 775.084(4)(e), Florida Statutes (1988 Supp.) precludes his eligibility for the conditional release program created by the Act; and that appellee lacked authority to revoke his conditional release and recommit him to custody to serve the remainder of his sentence. But Mr. Lincoln's argument contains the seeds of its own destruction: If he was ineligible for conditional release, he was ineligible for release.
Under section 944.291, Florida Statutes (1988 Supp.), a prisoner sentenced as a habitual offender can only be released by reason of gain-time allowances "under conditional release supervision as described in chapter 947." § 944.291(2), Fla. Stat. (1988 Supp.). If appellant were correct in his assertion that the Act, which is codified in chapter 947, did not apply to him, then he had no entitlement to release on any basis at any time prior to the expiration of the full term of his sentence, and has, therefore, no right to discharge by writ of habeas corpus before then.
Appellant's invocation of the rule that criminal statutes, specifically provisions of chapter 775, should be strictly "construed most favorably to the accused," section 775.021(1), Florida Statutes (1988 Supp.), rings hollow. Ineligibility for release is no favor to the accused. In any event, this rule of construction does not mean that the intention of the Legislature should not be given effect. Valdes v. State, 443 So.2d 221 (Fla. 1st DCA 1983), review denied, 450 So.2d 489 (Fla. 1984). Although strict construction of penal statutes is appropriate, no statute should be construed so as to defeat the intention of the Legislature. State ex rel. Washington v. Rivkind, 350 So.2d 575 (Fla. 3d DCA 1977).

Conditional Release For Habitual Offenders
We reject appellant's contention that the second sentence of subsection 775.084(4)(e) must be construed to preclude a habitual offender's placement on conditional release, when incentive gain-time makes his further incarceration unlawful. Such a construction would give no effect either to applicable provisions of section 947.1405(2) or to section 944.291(2), Florida Statutes (1988 Supp.). Statutes on the same subject and having the same general purpose should be construed in pari materia, and the courts have a duty to harmonize related statutes passed during the same legislative session, giving meaning and effect to each, if possible. Alterman Transport Lines, Inc. v. State, 405 So.2d 456 (Fla. 1st DCA 1981).
Despite the imprecise language in separately enacted subsection 775.084(4)(e), Florida Statutes (1988 Supp.), the Legislature intended the conditional release program for persons sentenced as habitual offenders. *672 It said so: The Act specifically applies to habitual and violent habitual offenders. This specific language must govern over the second sentence of section 775.084(4)(e), Florida Statutes (1988 Supp.), which addresses the application of chapter 947 to habitual offenders only generally. When two statutes are apparently inconsistent or in conflict, the more specific statute controls over the more general statute addressing the same subject. Department of Health and Rehabilitative Services v. American Healthcorp of Vero Beach, Inc., 471 So.2d 1312 (Fla. 1st DCA 1985), opinion adopted, 488 So.2d 824 (Fla. 1986).
We do not believe the Legislature intended to enact a comprehensive program for extended supervision of habitual and violent habitual offenders released by reason of gain-time allowances, only to declare the program unavailable for many of the very inmates for whom it was designed. When the bill that amended subsection (4)(e) was drafted, chapter 947 did not contain the Act. Since chapter 947 said nothing about conditional release until October 1, 1988, more than three months after the Governor had approved the 1988 amendment to subsection 775.084(4)(e), the reference to chapter 947 was almost certainly intended to refer to other forms of early release, notably parole, and not to the conditional release program.
Our conclusion in this respect is buttressed by recent, clarifying legislation. In 1993, the Legislature amended subsection 775.084(4)(e) to provide: "The provisions of s. 947.1405 shall apply to persons sentenced as habitual felony offenders and persons sentenced as habitual violent felony offenders." Ch. 93-406, § 2, at 2915, Laws of Fla. The title of chapter 93-406 indicates that one of its purposes lay in "clarifying that provisions of s. 947.1405, F.S., apply to persons sentenced as habitual offenders." When an amendment to a statute is enacted after controversy arises as to the interpretation of the original act, the amendment may be, as here, a legislative interpretation of the original law, rather than a substantive change thereof. Lowry v. Parole and Probation Comm'n, 473 So.2d 1248, 1250 (Fla. 1985). This clarifying amendment is persuasive evidence of legislative intent, as far back as 1988, to subject habitual offenders to the conditional release program.
The order denying the petition for writ of habeas corpus is AFFIRMED.
JOANOS and WOLF, JJ., concur.
NOTES
[1] Inasmuch as Mr. Lincoln was convicted and sentenced (in July of 1989) for the sale, purchase or delivery of cocaine which occurred in February of 1989, applying the 1988 enactments raises no ex post facto question; the controlling statutory provisions were all in effect at the time of the commission of his offenses. Cf. Westlund v. Florida Parole Comm'n, 637 So.2d 52, 54 (Fla. 1st DCA 1994) ("last date of conditional release supervision may lawfully be calculated with reference only to sentences imposed for offenses committed on or after October 1, 1988"). The subsequent enactment of chapter 93-406, section 2, at 2915, Laws of Florida, amending subsection 775.084(4)(e), Florida Statutes, while appropriately taken into account in deciphering the statute's meaning before the amendment, cannot be given retroactive effect. Art. I, § 10, Fla. Const. (1968).
[2] Section 947.1405(2), Florida Statutes makes the Act applicable to "[a]ny inmate who is convicted of a crime committed on or after October 1, 1988, which crime is contained in category 1, category 2, category 3, or category 4 of Rule 3.701 and Rule 3.988, Florida Rules of Criminal Procedure, and who has served at least one prior felony commitment at a state or federal correctional institution or is sentenced as a habitual or violent habitual offender pursuant to s. 775.084... ."
[3] "The length of supervision must not exceed the maximum penalty imposed by the court." § 947.1405(6), Fla. Stat. (1988 Supp.).