PER CURIAM.
Glen Deason appeals an order of the circuit court which denied his petition for writ of mandamus. We affirm.
Deason was originally convicted in 1990 of two counts of grand theft of a motor vehicle and sentenced as a habitual offender to concurrent terms of three and one-half years imprisonment. He was released from the Department of Corrections on February 1, 1993, and placed on conditional release pursuant to section 947.1405, Florida Statutes (1989). He was again arrested on April 12, 1993, and his conditional release was revoked. His argument in the trial court concerned proper interpretation of section 947.1405(2), Florida Statutes (1989):
Any inmate who is convicted of a crime committed on or after October 1, 1988, which crime is contained in category 1, category 2, category 3, or category 4 of Rule 3.701 and Rule 3.988, Florida Rule of Criminal Procedure, and who has served at least one prior felony commitment at a state or federal correctional institution or is sentenced as a habitual or violent habitual offender pursuant to s. 775.084 shall, upon reaching the tentative release date or provisional release date, whichever is earlier, as established by the Department of Corrections, be released under supervision subject to specified terms and conditions ....
Petitioner argued that the proper criteria for the conditional release program were that the inmate must have been convicted of a category 1, 2, 3, or 4 crime and either have been subject to a habitualized sentence or have served a prior felony commitment. Since appellant’s crime was not enumerated in category 1, 2, 3, or 4 of the guidelines, he contended that he was ineligible for the program. The commission argued, and the trial judge agreed, that this statute, properly read, provides for habitualized sentencing as a separate independent criterion for conditional release.
We agree with this reading of the statute. While there may be some ambiguity in its language, accepted aids to statutory construction support the commission’s reading. For example, a Senate Staff Analysis for CS/HBS 1574, 1422, 1430, 1438, 1439, and 1567 which passed as chapter 88-122 and enacted section 947.1405 provided:
Section 16 [later section 19] creates section 947.1405, F.S., the “Conditional Release Program Act” to provide for post-release supervision for persons sentenced under Category 1, 2, 3, or 4 of Sentencing Guidelines or as habitual offenders.
This document, dated two days prior to the vote by both Senate and House, provides significant evidence of legislative intent. See Auto-Owners Insurance v. Prough, 463 So.2d 1184, 1186 (Fla. 2d DCA 1985); Florida Insurance Guaranty Association, Inc. v. State, Department of Insurance, 400 So.2d 813, 817 n. 5 (Fla. 1st DCA 1981).[1]
Additional support for our conclusion is drawn from an examination of the provisions of Florida law relating to the sentencing of habitual offenders. Although section 775.084(4)(e), Florida Statutes (1989) stated that “[t]he provisions of chapter 947 shall not be applied to [habitual offenders]”, this court explained in Lincoln v. State, 643 So.2d 668 (Fla. 1st DCA 1994) that this language was an anachronism and contrary to legislative *990 intent in enacting the conditional release program. The 1993 Legislature expressly clarified the issue when it enacted chapter 93-406, section 2, amending section 775.084(4)(e) to provide that “[t]he provisions of s. 947.1405 shall apply to persons sentenced as habitual offenders_” See Lincoln, 643 So.2d at 672.
Also supporting the commission’s interpretation of the statute is a significant change made to section 947.1405(2) by the 1995 Legislature.[2] It now reads:
(2) Any inmate who:
(a) Is convicted of a crime committed on or after October 1, 1988, and before January 1, 1994, and any inmate who is convicted of a crime committed on or after January 1, 1994, which crime is or was contained in category 1, category 2, category 3, or category 4 of Rule 3.701 and Rule 3.988, Florida Rule of Criminal Procedure (1993), and who has served at least one prior felony commitment at a state or federal correctional institution;
(b) Is sentenced as a habitual or violent habitual offender pursuant to s. 775.084; or
(c) Is found to be a sexual predator under s. 775.23,
shall, upon reaching the tentative release date or provisional release date, whichever is earlier, as established by the Department of Corrections, be released under supervision subject to specified terms and conditions, ...
We conclude that this amendment was likely intended to clarify, rather than change, the law. See Keyes Investors Series 20, Ltd. v. Department of State, 487 So.2d 59, 60 (Fla. 1st DCA 1986).
In light of the above, we hold that a person subject to habitualized sentencing in 1990, as now, is eligible for conditional release under the terms of section 947.1405(2), regardless of the status of the conviction itself under the sentencing guidelines. Denial of Deason’s petition for writ of mandamus is therefore affirmed.
However, we certify the following to be a question of great public importance:
DOES AN INMATE WHO HAS BEEN SENTENCED AS A HABITUAL OR VIOLENT HABITUAL OFFENDER BUT WHO IS NOT CONVICTED OF A CATEGORY 1, CATEGORY 2, CATEGORY 3 OR CATEGORY 4 CRIME QUALIFY FOR CONDITIONAL RELEASE PURSUANT TO SECTION 947.1405(2), FLORIDA STATUTES (1989)?
AFFIRMED.
MICKLE and LAWRENCE, JJ., concur.
ALLEN, J., dissents with written opinion.

. The House Staff Analysis reaches the same conclusion but is of lesser value in determining legislative intent because it is dated six days after passage of the bill. See Rhodes & Seereiter, The Search for Intent: Aids to Statutory Construction in Florida — An Update, 13 F.S.U. L.Rev. 485, 509 (1985).

. Ch. 95-264, § 5, Laws of Fla.