ALLEN, Judge,
dissenting.
I find myself in agreement with the construction of the statute urged by the appellant. Plainly read, the statutory language means that an inmate will be subject to conditional release when he has both (a) been convicted of a category 1,2, 3, or 4 crime and (b) been given a habitual felony offender sentence or served a prior felony commitment.
I disagree with the majority’s reliance upon tidbits of legislative history to discern “legislative intent.” In my view, the law means what its text most appropriately conveys, and we should content ourselves with reading it rather than psychoanalyzing those who enacted it. See United States v. Public Utl. Comm’n of Cal., 345 U.S. 295, 319, 73 S.Ct. 706, 719-20, 97 L.Ed. 1020 (1953), (Jackson, J., concurring); Dept. Of Revenue v. John’s Island Club, Inc., 680 So.2d 475 (Fla. 1st DCA 1996), (Allen, J., concurring in result). Although I find use of legislative history troubling generally, it is particularly troubling when used out of proper context.
The majority relies upon a Senate Staff Analysis dated June 1, 1988, two days prior to the favorable vote by the Senate and House on consolidated CS/HB 1574, 1422, 1430, 1438, 1439, and 1567, which passed as chapter 88-122 and, among other things, enacted section 947.1405. Although it is true that the portion of the analysis quoted by the majority supports the construction now placed upon section 947.1405 by the majority, *991 the majority neglects to point out that the staff analysis did not relate to the consolidated bill as finally enacted. The staff analysis related to the first engrossed version of the consolidated bill as passed by the House on May 12, 1988. But when the Senate took up the first engrossed bill on June 3, 1988, the Senate amended the bill by striking everything after the enacting clause and inserting an entirely new bill. As so amended, the bill was passed by the Senate and House on that date.
Section 16 of the first engrossed version of the consolidated bill and Section 19 of the consolidated bill as finally enacted both proposed to create a new section 947.1405, Florida Statutes. They were the same, except for one very important difference. The first engrossed version of the bill included a comma following the term “correctional institution,” but the comma was omitted in the bill as finally enacted. With a comma inserted at that point in the text, the construction suggested by the staff analysis and adopted by the majority is more plausible. But without the comma, that construction seems quite strained.[1]
One who took guidance from legislative history might ask why the legislature chose to omit the comma. The answer to this question seems quite obvious. There could have been but one reasonable purpose for the decision to so alter the punctuation of the statutory language. That purpose could only have been to dissuade readers of the statutory text from the very construction now adopted by the majority.
The majority also relies upon Lincoln v. State, 643 So.2d 668 (Fla. 1st DCA 1994). But Lincoln stands for the proposition that habitual offenders as a class are not exempted from the conditional release provisions of section 947.1405. It does not address the issue now before us.
Finally, the majority relies upon a 1995 amendment of section 947.1405(2) to justify its construction of the 1988 statute. The majority concludes that the amendment “was likely intended to clarify, rather than change, the law.” But the majority does not tell us how this conclusion is reached. Certainly nothing in the text of the 1995 statute suggests that the amendment had this purpose. In fact, a plain reading of the entirety of section 947.1405(2), Florida Statutes (1995), together with the full text of section 947.1405(2) as it existed prior to the 1995 amendment, reveals that the 1995 amendment made substantial changes to the law as it existed under the prior statute. I therefore conclude that the legislature did intend to change the law by its 1995 amendment of the statute.
Based upon my reading of the statutory language, I respectfully dissent.

. Chapter 88-122, section 10, Laws of Florida, which subsequently appeared as section 944.291, Florida Statutes (1989), also set forth requisites for placement of prisoners into the conditional release program. The only significant distinction between the section 10 qualifications and the section 19 qualifications is that section 10 contains a comma after the term “correctional institution.” But section 944.291 specifically defers to the provisions of chapter 947, Florida Statutes. It is worthy of note that section 944.291 was not amended even when the requisites for conditional release placement were substantially changed pursuant to the 1995 amendment of section 947.1405, Florida Statutes.