705 So.2d 1374 (1998)
Glen R. DEASON, Petitioner,
v.
FLORIDA DEPARTMENT OF CORRECTIONS, and Florida Parole Commission, Respondents.
No. 90218.
Supreme Court of Florida.
January 15, 1998.
Glen R. Deason, pro se, Petitioner.
William L. Camper, General Counsel, and Bradley R. Bischoff, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Respondent.
HARDING, Justice.
We have for review a decision ruling on the following question certified to be of great public importance:
DOES AN INMATE WHO HAS BEEN SENTENCED AS A HABITUAL OR VIOLENT HABITUAL OFFENDER BUT WHO IS NOT CONVICTED OF A CATEGORY 1, CATEGORY 2, CATEGORY 3 OR CATEGORY 4 CRIME QUALIFY FOR CONDITIONAL RELEASE PURSUANT TO SECTION 947.1405(2), FLORIDA STATUTES (1989)?
Deason v. State, 688 So.2d 988, 990 (Fla. 1st DCA 1997). We have jurisdiction,[1] and answer the certified question in the affirmative.
At issue here is the 1989 version of the conditional release statute, which provides in pertinent part:
Any inmate who is convicted of a crime committed on or after October 1, 1988, which crime is contained in category 1, category 2, category 3, or category 4 of rule 3.701 and Rule 3.988, Florida Rules of Criminal Procedure, and who has served at least one prior felony commitment at a state or federal correctional institution or is sentenced as a habitual or violent habitual offender pursuant to s. 775.084 shall, upon reaching the tentative release date or provisional release date, whichever is earlier, as established by the Department of Corrections, be released under supervision subject to specified terms and conditions....
§ 947.1405(2), Fla. Stat. (1989)(emphasis added). We find that the legislature's use of the conjunctive "and" and the disjunctive "or" in the same sentence, without enumeration or other decisive demarcation, renders this statute ambiguous  it is not clear whether habitualization is a separate, free standing criterion for conditional release. Thus, the majority below was correct in turning to accepted aids of statutory construction (i.e., legislative history, related statutes, and subsequent statutory amendments) to conclude *1375 that the legislature indeed intended habitualization to be a separate, free-standing criterion for conditional release. We agree with and adopt the majority opinion below and reach the same conclusion.
Assuming, without deciding, that the subject statute is penal in nature, we are of course cognizant of the legal maxim that ambiguity in penal statutes should generally be resolved in favor of the defendant. Significantly, however,
the primary and overriding consideration in statutory interpretation is that a statute should be construed and applied so as to give effect to the evident intent of the legislature regardless of whether such construction varies from the statute's literal meaning. In other words, criminal statutes are not to be so strictly construed as to emasculate the statute and defeat the obvious intention of the legislature.
State v. Nunez, 368 So.2d 422, 423-24 (Fla. 3d DCA 1979) (citations omitted); see also, e.g., Lincoln v. Florida Parole Comm'n, 643 So.2d 668, 671 (Fla. 1st DCA 1994)("Although strict construction of penal statutes is appropriate, no statute should be construed so as to defeat the intention of the Legislature."); State ex rel. Washington v. Rivkind, 350 So.2d 575, 577 (Fla. 3d DCA 1977)("[S]trict construction [of penal statutes] is subordinate to the rule that the intention of the lawmakers must be given effect.").
Finding such evident legislative intent in the present case, we hold that habitualization is a separate, free-standing criterion for conditional release under section 947.1405(2), Florida Statutes (1989). We accordingly answer the certified question in the affirmative and approve the decision under review.
It is so ordered.
OVERTON, SHAW and WELLS, JJ., and GRIMES, Senior Justice, concur.
ANSTEAD, J., dissents with an opinion in which KOGAN, C.J., concurs.
ANSTEAD, Justice, dissenting.
I agree with, and would adopt, Judge Allen's dissent in the district court, which opinion speaks for itself both on the issue of statutory construction and the plain meaning of the statute:
Plainly read, the statutory language means that an inmate will be subject to conditional release when he has both (a) been convicted of a category 1, 2, 3, or 4 crime and (b) been given a habitual felony offender sentence or served a prior felony commitment.
I disagree with the majority's reliance upon tidbits of legislative history to discern "legislative intent." In my view, the law means what its text most appropriately conveys, and we should content ourselves with reading it rather than psychoanalyzing those who enacted it. See United States v. Public Utl. Comm'n of Cal., 345 U.S. 295, 319, 73 S.Ct. 706, 719-20, 97 L.Ed. 1020 (1953), (Jackson, J., concurring); Dept. Of Revenue v. John's Island Club, Inc., 680 So.2d 475 (Fla. 1st DCA 1996), (Allen, J., concurring in result). Although I find use of legislative history troubling generally, it is particularly troubling when used out of proper context.
The majority relies upon a Senate Staff Analysis dated June 1, 1988, two days prior to the favorable vote by the Senate and House on consolidated CS/HB 1574, 1422, 1430, 1438, 1439, and 1567, which passed as chapter 88-122 and, among other things, enacted section 947.1405. Although it is true that the portion of the analysis quoted by the majority supports the construction now placed upon section 947.1405 by the majority, the majority neglects to point out that the staff analysis did not relate to the consolidated bill as finally enacted. The staff analysis related to the first engrossed version of the consolidated bill as passed by the House on May 12, 1988. But when the Senate took up the first engrossed bill on June 3, 1988, the Senate amended the bill by striking everything after the enacting clause and inserting an entirely new bill. As so amended, the bill was passed by the Senate and House on that date.
Section 16 of the first engrossed version of the consolidated bill and Section 19 of the consolidated bill as finally enacted both proposed to create a new section 947.1405, Florida Statutes. They were the same, *1376 except for one very important difference. The first engrossed version of the bill included a comma following the term "correctional institution," but the comma was omitted in the bill as finally enacted. With a comma inserted at that point in the text, the construction suggested by the staff analysis and adopted by the majority is more plausible. But without the comma, that construction seems quite strained.
One who took guidance from legislative history might ask why the legislature chose to omit the comma. The answer to this question seems quite obvious. There could have been but one reasonable purpose for the decision to so alter the punctuation of the statutory language. That purpose could only have been to dissuade readers of the statutory text from the very construction now adopted by the majority.
The majority also relies upon Lincoln v. State, 643 So.2d 668 (Fla. 1st DCA 1994). But Lincoln stands for the proposition that habitual offenders as a class are not exempted from the conditional release provisions of section 947.1405. It does not address the issue now before us.
Finally, the majority relies upon a 1995 amendment of section 947.1405(2) to justify its construction of the 1988 statute. The majority concludes that the amendment "was likely intended to clarify, rather than change, the law." But the majority does not tell us how this conclusion is reached. Certainly nothing in the text of the 1995 statute suggests that the amendment had this purpose. In fact, a plain reading of the entirety of section 947.1405(2), Florida Statutes (1995), together with the full text of section 947.1405(2) as it existed prior to the 1995 amendment, reveals that the 1995 amendment made substantial changes to the law as it existed under the prior statute. I therefore conclude that the legislature did intend to change the law by its 1995 amendment of the statute.
Deason v. State, 688 So.2d 988, 990-91 (Fla. 1st DCA 1997) (Allen, J., dissenting) (footnote omitted).
NOTES
[1] See art. V, § 3(b)(4), Fla. Const.