SHEVIN, Judge.
Donald S. Jensen, Marguerite R. Jensen, James C. Rowe, and Mary Ellen Rowe [col- *19 leetively “Jensen”] appeal a final judgment declaring that a Special Act of the Legislature was approved by a referendum vote. We affirm.
Pursuant to the “Islamorada, Village of Islands” Special Act, chap. 97-348, § 1, Laws of Fla., a referendum election was held to establish the municipality of Islamorada, Village of Islands. Section (13)(1) of the Act provided:
If the qualified voters residing in the area known as Plantation Key consisting of Precincts 25 and 26 do not approve this act by-a majority vote in both Precincts 25 and 26, this act shall not take effect. If approved by the electorate, including that in Precincts 25 and 26, section 3, section 9(2), and section 9(3) shall take effect upon certification of the election results by the Monroe County Supervisor of Elections.
A majority of the electors in Precinct 25 approved the referendum; a majority of the Precinct 26 electors did not approve the referendum. Jensen filed a petition for emergency declaratory judgment seeking a declaration that the referendum had not passed. The trial court granted the motion of appel-lee Citizens for Village Government, Inc., to intervene in the ease. Following entry of an initial judgment, the court granted rehearing and entered the judgment on appeal. Jensen seeks reversal of the judgment.
In upholding the referendum vote, the court ruled that:
although the language in Section (13)(1) of the Special Act is ambiguous, the clear intent of the Florida Legislature was that in order for the November 4, 1997 Referendum to pass and for the Special Act to take effect, the Legislature required approval by a majority vote of qualified electors voting in Precinct 25 and Precinct 26, combined, ...
The court therefore declared “that a majority of the qualified electors voting in Precinct 25 and 26, combined, approved the Special Act, and ... that the Special Act took effect.”
We agree with the trial court’s finding that the language of section (13)(1) is ambiguous as it is subject to differing reasonable meanings. A reasonable person could find that a majority of voters in Precinct 25, as well as a majority of voters in Precinct 26, is required for the Act to take effect. Another reasonable person could also find that the language required a majority of voters in both precincts, collectively. As the language is ambiguous, see Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452 (Fla.1992); American Pioneer Cas. Ins. Co. v. Henrion, 523 So.2d 776 (Fla. 4th DCA 1988), judicial construction of the section’s language is permissible to ascertain the legislature’s intent. See Broward v. Jacksonville Med. Ctr., 690 So.2d 589 (Fla.1997); Holly v. Auld, 450 So.2d 217 (Fla.1984).
In construing section (13)(1), we must give “effect ... to every part of the section,” De Armas v. Ross, 680 So.2d 1130, 1131 (Fla. 3d DCA 1996), and “avoid readings that would render part of a [section] meaningless.” Forsythe, 604 So.2d at 456. The first portion of the section provides that “[i]f the qualified voters residing in the area knoum as Plantation Key consisting of Precincts 25 and 26 do not approve this act by a majority vote_” (emphasis added). This provision evidences the legislature’s intent that a majority of voters in the Plantation Key area approve the Act rather than a majority of Precinct 25 voters as well as a majority of voters in Precinct 26. The latter interpretation would render the quoted provision from the beginning of the section impermissibly superfluous. Furthermore, the trial court’s ruling is supported by evidence of the legislative history submitted by Citizens which indicates that the legislature did not intend to grant one precinct veto power over incorporation of the municipality. See Department of Revenue v. John’s Island Club, Inc., 680 So.2d 475 (Fla. 1st DCA 1996); Gross v. Albertson’s, Inc., 591 So.2d 311 (Fla. 4th DCA 1991). Accordingly, we affirm the judgment upholding the voters’ approval of the Act.
Affirmed.