721 So.2d 376 (1998)
RACETRAC PETROLEUM, INC., Appellant,
v.
DELCO OIL, INC., Appellee.
No. 97-3535.
District Court of Appeal of Florida, Fifth District.
November 6, 1998.
Rehearing Denied December 11, 1998.
*377 Henry M. Coxe, III, John A. DeVault, III, and Allan F. Brooke II of Bedell, Dittmar, DeVault, Pillans & Coxe, P.A., Jacksonville, for Appellant.
J. Michael Huey, Geoffrey B. Schwartz, and George W. Hatch of Huey, Guilday & Tucker, P.A., Tallahassee, and Darren J. Elkind of James, Zimmerman, Paul & Huddleston, Deltona, for Appellee.
PER CURIAM.
Delco Oil, Inc., filed a complaint against Racetrac Petroleum, Inc., (Racetrac) seeking damages and injunctive relief, alleging that Racetrac was violating Florida's Motor Fuel Marketing Practices Act (the Act)[1] by engaging in predatory pricing and selling motor fuel below nonrefiner cost. After conducting an evidentiary hearing, the trial court entered a nonfinal temporary injunction prohibiting Racetrac from selling motor fuel below the nonrefiner cost and setting a minimum price for which Racetrac may sell its fuel. Racetrac appeals, arguing the trial court erred in interpreting the meaning of the term "competition" in the Act and in weighing the hardship imposed on the parties by the issuance of a temporary injunction. We disagree and affirm the trial court's temporary injunction.
Racetrac's claims of error focus on the trial court's interpretation of two provisions contained in the Act. In reviewing this appeal we recognize first that judicial interpretation of Florida statutes is a purely legal matter and therefore subject to de novo review. See Operation Rescue v. Women's Health Center, Inc., 626 So.2d 664, 670 (Fla. 1993), aff'd in part, rev'd in part on other grounds, 512 U.S. 753, 114 S.Ct. 2516, 129 L.Ed.2d 593 (1994). We recognize further that "`the primary and overriding consideration in statutory interpretation is that a statute should be construed and applied so as to give effect to the evident intent of the legislature.'" Deason v. Florida Dep't of Corrections, 705 So.2d 1374, 1375 (Fla.1998)(quoting State v. Nunez, 368 So.2d 422, 423-24 (Fla. 3d DCA 1979)).
The first provision at issue is subsection 526.304(1)(b), Florida Statutes (1995), which provides: "It is unlawful for any nonrefiner engaged in commerce in this state to sell any grade or quality of motor fuel at a retail outlet below nonrefiner cost, where the effect is to injure competition." Racetrac contends the trial court erred in concluding that proof of injury to Delco alone constituted injury to "competition" within the meaning of this subsection, arguing that our legislature intended to enforce the prohibition against below-cost motor fuel pricing only when it affects "competition as a whole." However, "competition" is defined in subsection 526.303(2), Florida Statutes (1995), as "the vying for motor fuel sales between any two sellers in the same relevant geographic market." As a result, the trial court correctly determined that proof of injury to Delco alone constituted injury to "competition" within the meaning of subsection 526.304(1)(b), since the definition of "competition" specifically pertains to sales between "any two sellers." § 526.303(2), Fla. Stat. (1995). Where the legislature has used particular *378 words to define a term, we do not have the authority to redefine it. See Baker v. State, 636 So.2d 1342, 1343-44 (Fla.1994).
The second relevant provision is subsection 526.312(2)(b), Florida Statutes (1995), which authorizes the circuit court to issue a temporary injunction to enforce the Act if "the court determines, on balance, the hardships imposed on the defendant and the public interest by the issuance of such preliminary injunctive relief will be less than the hardship which would be imposed on the plaintiff if such preliminary injunctive relief were not granted." Racetrac maintains that the trial court erred when it balanced the competing hardships in this case because the court determined that no hardship would be sustained by Racetrac or the public if a temporary injunction was issued. Racetrac contends the trial court failed to consider that if Racetrac were enjoined and thereby required to raise its prices, it would lose approximately $113,000 worth of profits annually and the public would be required to pay an additional $600,000 for motor fuel. In our view, the "hardship" imposed on Racetrac and the public by issuance of a temporary injunction in this case appears to be exactly what was contemplated by the legislature when it enacted subsection 526.304(1)(b), since the statute prohibits the sale of motor fuel below nonrefiner cost in order to curb predatory pricing "which adversely affect[s] motor fuel competition." § 526.302, Fla. Stat. (1995).
AFFIRMED.
GRIFFIN, C.J., and DAUKSCH and ANTOON, JJ., concur.
NOTES
[1] See § 526.301.3135, Fla. Stat. (1995).