Mr. Donald T. Ryce City of Winter Haven Labor Attorney 333 41st Street, Suite 714 Miami Beach, Florida 33140
Dear Mr. Ryce:
On behalf of the City of Winter Haven, you ask substantially the following question:
If there is an increase in pension benefits for the city's general employees but not a similar increase in benefits for the city's firefighters and police officers who have a separate plan, how does such an increase in benefits affect the use of the premium tax income collected pursuant to Chapters 175 and 185, Florida Statutes?
In sum:
The Legislature has mandated that premium tax income must be used for "extra benefits" for firefighters and police officers. Since the Legislature has defined the term "extra benefits" as "benefits in addition to or greater than those provided to general employees of the municipality," an increase in benefits to the general city employees will impact the use of the premium tax income since such income may only be used to fund "extra benefits," that is, benefits over and above provided to general city employees.
According to your letter, the city is considering the possibility of increasing pension plan benefits for its general employees without making a corresponding increase in its police and firefighter pension plans. You state that the city operates separate pension plans for its police officers and its firefighters. Both are local plans that were in effect in 1998.
Chapters 175 and 185, Florida Statutes, respectively provide for municipal and special district firefighters' and police officers' pension plans. One source of funding of such plans is the net proceeds from a state excise tax levied on property and casualty insurance companies, known as the premium tax.[1]
In 1999, the Legislature revised Chapters 175 and 185, Florida Statutes, to provide for uniform application of minimum standards and benefits to all plans receiving funding under those chapters.[2] Section 175.351, Florida Statutes, relating to local plans, was reworded. As amended, section 175.351 authorizes the placement of the premium tax income in the pension plan or in a separate supplemental plan for the payment of extra benefits to firefighters, or to firefighters and police officers where included.[3] A similar provision is contained in section 185.35, Florida Statutes.
Section 175.351, Florida Statutes, provides in part:
"The premium tax provided by this chapter shall in all cases beused in its entirety to provide extra benefits to firefighters, or to firefighters and police officers, where included. However,local law plans in effect on October 1, 1998, shall be required tocomply with the minimum benefit provisions of this chapter only tothe extent that additional premium tax revenues become availableto incrementally fund the cost of such compliance as provided ins. 175.162(2)(a). When a plan is in compliance with such minimum benefit provisions, as subsequent additional premium tax revenues become available, they shall be used to provide extra benefits. For the purpose of this chapter, "additional premium tax revenues" means revenues received by a municipality or special fire control district pursuant to s. 175.121 that exceed that amount received for calendar year 1997 and the term "extra benefits" meansbenefits in addition to or greater than those provided to generalemployees of the municipality. Local law plans created by special act before May 23, 1939, shall be deemed to comply with this chapter." (e.s.)
Section 185.35, Florida Statutes, contains substantially the same language.
When the Legislature has prescribed the manner in which something must be done, it effectively operates as a prohibition against its being done in any other manner.[4] The statutes clearly limit the use of the premium tax income to providing "extra benefits." While the statutes recognize a limited exception for those plans in existence in 1998 to come into compliance incrementally and only as additional premium tax revenues become available, such funds may only be used to provide extra benefits once the local plan is in compliance. The statutes also define what constitutes "extra benefits," i.e., benefits in addition to or greater than those provided to general employees of the municipality. Such a definition is controlling.[5]
Accordingly, if the city increases benefits for its general employees, the benefits formerly provided to the city's firefighters and police officers by the premium tax income may no longer qualify as "extra benefits."
Thus, the Legislature has mandated that premium tax income must be used for "extra benefits" for firefighters and police officers and has defined that term "extra benefits" as "benefits in addition to or greater than those provided to general employees of the municipality." Accordingly, an increase in benefits to the general city employees will impact the use of the premium tax income since such income may only be used to fund "extra benefits," that is, benefits over and above provided to general city employees.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 175.101, Fla. Stat., entitled "State excise tax on property insurance premiums authorized; procedures," which authorizes a municipality to assess and impose an additional excise tax on property insurance companies in the amount of 1.85 percent of the gross amount of receipts of premiums from policyholders on all premiums collected on property insurance policies covering property within the corporate limits of the municipality. And see, s. 175.101(2), Fla. Stat., stating that in the case of multiple peril policies with a single premium for both the property and casualty coverages in such policies, 70 percent of such premium shall be used as the basis for the 1.85 percent tax. Compare, s. 185.08(1), Fla. Stat., authorizing the imposition on casualty insurers of an additional excise tax amounting to .85 percent of the gross receipts of premiums collected on casualty insurance policies covering property within the city's corporate limits; and s. 185.08(2), Fla. Stat., stating that in cases of multiple peril policies within a single premium for both property and casualty coverages, 30 percent of the premium shall be used as the basis for the .85 percent tax.
[2] See, e.g., ss. 175.162 and 185.16, Fla. Stat.
[3] Section 175.351(1)(a) and (b), Fla. Stat.
[4] See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944);Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayerv. State, 335 So.2d 815, 817 (Fla. 1976).
[5] See, Racetrac Petroleum, Inc. v. Delco Oil, Inc.,721 So.2d 376 (Fla. 5th DCA 1998) (where Legislature has used particular words to define a term, court does not have the authority to redefine it); Op. Att'y Gen. Fla. 85-98 (1985) (where a statute contains a definition of a phrase, that meaning must be ascribed to the phrase whenever repeated in the same statute, unless a contrary intent clearly appears).