ROTHENBERG, Judge.
Beverly Penzell and Bank of America appeal from an order directing the Clerk of the Circuit Court in and for Miami-Dade County to distribute excess proceeds of a tax sale to the State of Florida, Department of Environmental Protection (DEP), and from an order denying Pen-zell’s motion to distribute the excess proceeds of the tax sale to her. We affirm.
On February 12, 2003, the DEP obtained a final judgment against Dana Investments, Inc. (Dana), the owner of the property at issue. The final judgment found Dana and its co-defendants liable for illegal discharges of a hazardous substance. It granted injunctive relief re *195 quested by the DEP, ordering Dana and the other defendants to immediately undertake site assessment activities to determine the extent of contamination; to conduct cleanup activities; and to provide documentation to the DEP that they had initiated the site assessment within thirty days. The judgment also authorized the DEP, in thé event of default by the defendants, to access the property and perform assessment and remedial activities, and it provided that the defendants would be liable for any expenses that the DEP incurred in doing so. The court retained jurisdiction to enforce the final judgment by contempt or other appropriate sanctions. The court also retained jurisdiction to assess any costs incurred by the DEP in assessing and remediating the property, and to determine the appropriate amount of civil penalties for the illegal discharges. A later final judgment assessed $52,310.00 in civil penalties against Dana. On April 16, 2003, a certified copy of the February 12, 2003 judgment was recorded in the official records of Miami-Dade County.
Due to a failure to pay the property taxes on the property, a tax sale auction was held on December 3, 2003, at which, M & M Construction Group Corporation (M & M) purchased the property. After the property taxes were paid, excess proceeds of $122,601.82 remained. On January 20, 2004, Bank of America, who owned a mortgage on the property, assigned its rights and interest in the mortgage to Beverly Penzell.
M & M filed an action to quiet title on its tax deed. Penzell intervened, seeking distribution of the surplus tax proceeds to her as assignee of the Bank of America mortgage. The trial court issued an order to show cause why the funds should not be distributed to Penzell. The DEP responded, asserting that it was entitled- to all excess proceeds of the tax sale due to its judgments and recorded lien. The lower court denied Penzell’s motion, and entered an order directing the clerk to distribute the excess proceeds of the tax sale to the DEP. This appeal follows. As the lower court’s orders rest on questions of law, our review is de novo. Racetrac Petroleum, Inc. v. Delco Oil, Inc., 721 So.2d 376 (Fla. 5th DCA 1998).
Penzell and Bank of America claim that the mortgage held by Penzell takes priority over the judgment obtained by the DEP. We disagree. Section 197.582(2), Florida Statutes (2004) establishes the manner in which excess proceeds from a tax sale must be distributed, and prioritizes “the payment of any lien of record held by a governmental unit against the property.” § 197.582(2), Fla. Stat. (2004). Section 197.582(2), in prioritizing liens held by governmental units, requires that governmental liens be satisfied before satisfying other claims. The final judgment obtained by the DEP on February 12, 2003 (recorded on April 16, 2003, thereby creating a lien on the property) is a governmental lien under section 197.582(2), Florida Statutes, and therefore takes priority over Penzell’s mortgage. Penzell had actual notice of this judgment and/or was put on notice by the recording of the DEP’s judgment.
Penzell and Bank of America also argue, based upon this court’s decision in Perez v. Pearl, 411 So.2d 972 (Fla. 3d DCA 1982), that the DEP did not have a valid lien against the property sold at the tax sale. Again, we must disagree as we conclude that Perez is inapplicable to the instant case. In Perez we found that a judgment establishing liability but not determining or fixing a monetary amount of damages was merely an expectancy and therefore did not constitute a cognizable lien. Id. The judgment in the instant case is quite different, as the trial court issued an in *196 junction which was clear and definite. When an injunction is sufficiently clear and definite to apprise the parties of the court’s mandate, the parties must comply or face the penalty of contempt. See Seaboard Sys. R.R., Inc. v. Clemente, 467 So.2d 348, 358 (Fla. 3d DCA 1985). The injunction in the instant case ordered the parties to comply with clear and definite tasks, and thus created a duty to obey, not a mere expectancy.
We therefore conclude that the injunction issued by the trial court, which was duly and timely recorded, created a valid lien on the property, which pursuant to section 197.582(2), Florida Statutes (2004) establishes the DEP’s priority in distribution of the excess proceeds from the tax sale.
Affirmed.