Dear Mr. Nash:
On behalf of the Honorable J.R."Jack" Parker, Sheriff of Brevard County, you ask substantially the following question:
Is a sheriff considered to be a county governmental unit for purposes of section 197.552, Florida Statutes, and thus for purposes of section 197.582(2), Florida Statutes?
Section 197.552, Florida Statutes, provides:
"All tax deeds shall be issued in the name of a county and shall be signed by the clerk of the county. The deed shall be witnessed by two witnesses, the official seal shall be attached thereto, and the deed shall be acknowledged or proven as other deeds. Except as specifically provided in this chapter, no right, interest, restriction, or other covenant shall survive the issuance of a tax deed, except that a lien of record held by amunicipal or county governmental unit, special district, orcommunity development district, when such lien is not satisfiedas of the disbursement of proceeds of sale under the provisionsof s. 197.582, shall survive the issuance of a tax deed. . . ." (e.s.)
Section 197.582, Florida Statutes, provides for the disbursement of tax deed surplus funds when the property is purchased by any person other than the certificate holder. If the property is purchased for an amount exceeding the statutory bid of the certificate holder, the excess is to be paid over and disbursed by the clerk of the circuit court. Subsection (2) of the statute directs the clerk to "distribute the excess to the governmental units for the payment of any lien of record held by a governmental unit against the property." If the excess monies bid are insufficient to pay in full all governmental liens of record, the statute directs the clerk to distribute such monies to the governmental units on a pro rata basis.
The issue of what constitutes a governmental entity for purposes of section 197.552, Florida Statutes, does not appear to have been the subject of extensive appellate review.[1] The statute, however, has been construed in several advisement letters of the Department of Revenue. In 1992, the Department advised that an administrative fine lien imposed by a code enforcement board pursuant to s. 162.09(3), Florida Statutes, survived the issuance of a tax deed as a lien of a county or municipal governmental unit.[2] Subsequently, however, the department concluded that a public defender's lien did not qualify as a "lien of record held by a municipal or county governmental unit" as described in section 197.552, since the Public Defender's Office is part of a judicial circuit, which appears to be a distinct political entity from a county or municipality.[3]
This office has stated that annual assessments of a county's municipal services benefit unit that had been assessed and were delinquent would constitute a "lien of record held by a governmental unit" for purposes of section 197.582(2), Florida Statutes.[4] Recently, the Third District Court of Appeal in Penzell v. M M Construction Group,[5] in considering what constituted a governmental unit for purposes of section197.582(2), concluded that a final judgment obtained by the Department of Environmental Protection constituted a governmental lien under section 197.582(2).
The sheriff is a county constitutional officer.[6] The Florida Supreme Court has stated that the sheriff is a "county official," and, as such, is an integral part of the county.[7] As such, it appears that the sheriff would qualify as a county governmental unit within the meaning of section 197.552, Florida Statutes.
Accordingly, I am of the opinion that a sheriff is considered to be a county governmental unit for purposes of section 197.552, Florida Statutes, and thus a lien of record held by the sheriff that is not satisfied by the disbursement of proceeds of sale under the provisions of section 197.582, Florida Statutes, survives the issuance of a tax deed for purposes of section197.582(2), Florida Statutes.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See City of Jacksonville v. Nashid Properties,636 So. 2d 875 (Fla. 1st DCA 1994) (statutory protection under s. 197.552, Fla. Stat., devolves only to a municipal or county governmental unit, under which classification the City of Jacksonville clearly falls). Cf. Sugarmill Woods Oaks Village Association v. Wires,766 So. 2d 487, 489 (Fla. 5th DCA 2000) (obvious public policy involved in these statutes is to allow local governments to protect their taxing basis and facilitate recoupment of unpaid taxes through tax sales of property upon which taxes have not been paid); Op. Att'y Gen. Fla. 76-168 (1976) (prior to its amendment in 1972, s. 197.291 [now s. 197.582] allowed only general tax and special assessment liens to be automatically satisfied from the excess proceeds of a tax sale; however, the present statutory language, "any lien of record held by a governmental unit," is not so limited; had the Legislature intended to limit to tax and special assessment liens, it would have been relatively simple to leave the statute unchanged or to specify that only certain types of liens might be satisfied in this manner but the Legislature chose language that is plainly nonexclusive).
[2] Department of Revenue Advisement Letter 92-0051, dated June 19, 1992.
[3] Department of Revenue Advisement Letter 01-003, dated March 9, 2001.
[4] Op. Att'y Gen. Fla. 94-13 (1994).
[5] 915 So. 2d 194 (Fla. 3rd DCA 2005).
[6] See Art. VIII, s. 1(d), Fla. Const. 
[7] Beard v. Hambrick, 396 So. 2d 708 (Fla. 1981).