637 So.2d 52 (1994)
Frederick WESTLUND, Appellant,
v.
FLORIDA PAROLE COMMISSION, and Gene Hodges, as Chairman of the Florida Parole Commission, and Department of Corrections, and Harry K. Singletary, as Secretary of the Department of Corrections, Appellees.
No. 93-2139.
District Court of Appeal of Florida, First District.
May 13, 1994.
*53 Alan H. Schrieber, Public Defender, Stacey J. Pastel and Diane M. Cuddihy, Asst. Public Defenders, Ft. Lauderdale, for appellant.
William L. Camper, Gen. Counsel, John N. Hogenmuller, Asst. Gen. Counsel, Florida Parole Com'n, Louis A. Vargas, Gen. Counsel, Susan A. Maher, Deputy Gen. Counsel, Dept. of Corrections, Tallahassee, for appellees.

ON MOTION FOR REHEARING AND/OR CLARIFICATION
PER CURIAM.
Upon consideration of appellees' motion for rehearing and/or clarification, we withdraw this court's previous opinion in this case, which was issued on March 24, 1994, and published at 19 Fla. L. Weekly D646, and substitute the following opinion therefor. We deny appellees' motion otherwise.
Frederick Westlund appeals the denial of his petition for writ of mandamus. Because we believe that the Florida Parole Commission and the Department of Corrections improperly applied the Conditional Release Program Act, section 947.1405, Florida Statutes (1991), we reverse with directions that the writ issue to require appellees to reconsider their authority to detain appellant in light of this opinion.
The Conditional Release Program Act [Act] applies to all covered crimes committed on or after October 1, 1988. It mandates that certain offenders,[1] if released prior to serving their full sentences, be supervised for the remainder of the terms of their sentences. Appellee Florida Parole Commission is responsible for administering the conditional release program. The Commission determines when an inmate will be conditionally released and sets the terms and conditions of release, after which the Department of Corrections supervises conditional releasees.
Westlund was convicted of three offenses[2] he committed on February 3, 1988, and of two offenses[3] he committed on December 9, *54 1988. On April 1, 1991, appellant was resentenced for all five crimes. For the three earlier drug-related offenses, he received two seven-and-one-half year sentences (each with a five-year minimum mandatory) and one five-year sentence, all with credit for time served. For the two later offenses, he received two four-and-one-half year sentences for attempted burglary and resisting arrest with violence, each with credit for time served. All five sentences were to run concurrently.
On November 27, 1991,[4] the Department conditionally released appellant on order of the Commission entered in accordance with section 947.1405(6), Florida Statutes (1991). Instead of establishing his last date of conditional release supervision by reference to the sentences imposed for the crimes he committed after October 1, 1988, the Commission established his last date of conditional release supervision as August 5, 1995, apparently because that is the date on which his concurrent seven-and-one-half year sentences for the drug-related offenses would have been fully served, if he had remained incarcerated (without interruption) for the full terms.[5]
Appellant received five separate sentences for five separate offenses.[6] These five sentences were to be served concurrently, but they nevertheless remain distinct sentences. The Act unequivocally applies to "[a]ny inmate who is convicted of a [covered] crime committed on or after October 1, 1988, ..." (emphasis added). § 947.1405(2), Fla. Stat. (1991). Appellant's last date of conditional release supervision may lawfully be calculated with reference only to sentences imposed for offenses committed on or after October 1, 1988. Sentences imposed on account of the drug-related offenses Westlund committed on February 3, 1988, cannot be the basis for determining his last date of conditional release supervision under the Act.
The Commission cites State v. Hamilton, 388 So.2d 561, 563 (Fla. 1980), for the proposition that principles of statutory interpretation dictate that the Act be "construed liberally in favor of the public even though it contains a penal provision." Suffice it to say that the Commission's reliance on Hamilton is misplaced in this context.
Citing Brown v. State, 305 So.2d 309 (Fla. 4th DCA 1974), the Commission also argues that appellant waived any objection to the method of determination of his last date of supervision by not challenging the terms of his conditional release prior to revocation.[7] The Brown court based its decision on section 924.06(2), Florida Statutes (1973), which stated that "[a]n appeal of an order granting probation shall proceed in the same manner ... as an appeal of a judgment of conviction." 305 So.2d at 310. Brown, who had not questioned the terms of his probation, either when granted or on direct appeal, was held barred from challenging one of the *55 terms as unconstitutionally vague at his revocation hearing.
Here there was no judicial order or any judgment to which appellant was required (or allowed) to object. Terms of conditional release are established by the Parole Commission, whereas probationary terms are a part of a sentence handed down by a court. Westlund alleges that, when he was presented with a "certificate of conditional release" that outlined the conditions of his release and included the improperly calculated date on which his conditional release would become unconditional (unless earlier revoked), he refused to sign the certificate.
On remand, the trial court shall issue a writ of mandamus requiring appellees to recalculate appellant's last date of conditional release supervision based only on offenses committed on or after October 1, 1988, and ordering all other appropriate relief.
It is so ordered.
ERVIN, BARFIELD and BENTON, JJ., concur.
NOTES
[1] Section 947.1405(2), Florida Statutes (1991), provides:

Any inmate who is convicted of a crime committed on or after October 1, 1988, which crime is contained in category 1, category 2, category 3, or category 4 of Rule 3.701 and Rule 3.988, Florida Rules of Criminal Procedure, and who has served at least one prior felony commitment at a state or federal correctional institution or is sentenced as a habitual or violent habitual offender pursuant to s. 775.084... .
[2] On July 21, 1989, Westlund was sentenced for the following offenses:

(1) trafficking in cocaine (fifteen years with fifteen years minimum mandatory);
(2) conspiracy to traffick in cocaine (fifteen years with fifteen years minimum mandatory); and
(3) delivery of cocaine (five years).
The sentences were to be served concurrently with each other, but consecutively to the sentences earlier imposed for the December 9, 1988, offenses.
[3] On May 31, 1989, Westlund was sentenced for the following offenses:

(1) attempted burglary (four and one-half years); and
(2) resisting arrest with violence (four and one-half years).
The original sentencing for the post-October 1, 1988, offenses antedated the original sentencing for the pre-October 1, 1988, offenses.
[4] The release date was chosen because, with credit for time served and statutory gain-time accrued under section 944.275 Florida Statutes (1991), appellant had finished service of all five of his sentences, see State v. Green, 547 So.2d 925 (Fla. 1989), subject only to successful completion of a period of conditional release required by section 947.1405, Florida Statutes (1991).
[5] According to appellant's motion to expedite, Westlund is now being held only on account of the sentences imposed for the offenses he committed on February 3, 1988. If this is indeed the case, he should be discharged forthwith.
[6] The Commission argues that the sentence received by appellant on April 1, 1991, was, in effect, a seven and one-half year sentence with a five year minimum mandatory based on the totality of the offenses for which appellant was being sentenced, and that appellant cannot seek to divide that sentence into components or pieces. This view is erroneous.
[7] Westlund's conditional release was revoked on September 16, 1992, following his arrest for aggravated battery on June 22, 1992. See generally Bradley v. State, 631 So.2d 1096 (Fla. 1994); Thomas v. State, 605 So.2d 1286 (Fla. 4th DCA 1992). But Westlund has already served the sentences imposed on account of the offenses he committed on February 3, 1988. See Waldrup v. Dugger, 562 So.2d 687 (Fla. 1990); State v. Green, 547 So.2d 925 (Fla. 1989) (Under prior law, a "prisoner who is released early because of gain-time is considered to have completed his sentence in full." At 926).