PER CURIAM.
Appellant argues that the Department of Corrections (DOC) acted without authority in declaring his basic gain-time forfeited after he was returned to jail as a control release violator. Appellant does not dispute that the DOC had the authority to declare his incentive gain-time forfeited. We find no merit in his distinction between basic gain-time and incentive gain-time, holding that both may be subject to forfeiture by the DOC pursuant to section 944.28(1), Florida Statutes (1995).
Section 944.28(1) provides that when a control release violator is returned to jail, the DOC may revoke “all gain-time [previously] earned according to the provisions of law.” As both basic and incentive gain-time derive from legislative grant, both should be considered “earned according to the provisions of law.” See id.
Further, the Legislature specifically refers to all earned gain-time, whether basic or incentive, as a right — one that is granted as a matter of grace and is not automatically retained, but is subject to forfeiture. See § 944.28(2)(b), (c); Waldrup v. Dugger, 562 So.2d 687 (Fla.1990); Rice v. State, 563 So.2d 210 (Fla. 5th DCA 1990). As such, the DOC was within its authority and discretion to revoke Appellant’s basic gain-time as well as his incentive gain-time pursuant to section 944.28(1). Accordingly, we find no error and affirm.
GUNTHER, C.J., and POLEN and FARMER, JJ., concur.