790 So.2d 560 (2001)
James Howard HULL, Petitioner,
v.
Michael W. MOORE, Secretary, Department of Corrections, Respondent.
No. 1D00-4241.
District Court of Appeal of Florida, First District.
July 24, 2001.
*561 James Howard Hull, pro se.
Carolyn J. Mosley, Assistant General Counsel, Department of Corrections, Tallahassee, for Respondent.
PER CURIAM.
James Howard Hull files a petition for writ of certiorari by which he seeks review of a decision of the circuit court upholding the Department of Corrections' refusal to award him basic gain time on the remainder of his sentence after he was returned to prison as a conditional release violator. For the reasons that follow, we deny the petition.
Petitioner received concurrent 12-year prison sentences on August 10, 1992 for the offenses of burglary with battery and aggravated battery. Petitioner was released on conditional release supervision on October 17, 1997. According to the record before us, the length of his conditional release was computed based upon his sentence in Case No. 92-2384, with respect to which he received 2,458 days of gain time (1,440 days of basic gain time, plus 1,143 days of additional gain time, less 125 days of gain time forfeited due to disciplinary action). When appellant's conditional release was revoked on June 20, 1999 and he was returned to prison as a conditional release violator, the 2458 days of gain time were forfeited, and his release date was extended 611 days for the period of time he was released from custody from October 17, 1997 to June 20, 1999. His tentative release date is July 12, 2005.
After exhausting his administrative remedies, Hull filed a petition for writ of mandamus in the circuit court contending that the Department of Corrections was refusing to award him basic gain time on the remainder of his sentence since his return to prison as a conditional release violator. The Department continued to allow incentive gain time, and petitioner has been awarded additional incentive gain time in the amount of at least 244 days since his return to prison. However, the Department contended that Hull had been awarded all of his basic gain time in a lump sum when he first entered the prison system, and that, therefore, no more basic gain time was due him.
Hull principally relies upon the language of section 947.141(6), Florida Statutes (2000), formerly section 947.141(4).[1] This statute provides that a conditional release violator forfeits all gain time or computation of time for good conduct, except that the prisoner will not be deprived of such gain time "as provided by law" from the date of return to prison. See § 947.141(6), Fla. Stat. (2000).
In response, the secretary of the Department of Corrections argues that the "right" referred to in section 947.141(6) relates to the right to the award of gain time "as provided by law," and that the only gain time that is provided by law upon revocation of conditional release is some form of incentive or meritorious gain time. Thus, appellee contends, "basic gain time" is given to the inmate in a lump sum *562 when he enters the prison system, and there is no more of such gain time to grant the inmate upon his return to prison as a violator. Incentive gain time, on the other hand, is awarded monthly rather than in a lump sum.
We agree with the well-reasoned opinion of the trial court which explained, as follows:
An inmate who commits certain types of crimes and who has served time for a prior felony or who is sentenced as a habitual offender must be released into the conditional release program, the length of which is determined by the number of days of gain time awarded. § 944.291(2), Florida Statutes (1989, 1991); Duncan v. Moore, 754 So.2d 708 (Fla.2000).
If the inmate is returned to prison as a conditional release violator, all gain time is subject to forfeiture. §§ 944.28(1), 947.141(4), Fla. Stat. (1989, 1991); Duncan v. Moore, 754 So.2d at 711; Evans v. Singletary, 737 So.2d 505, 507 (Fla. 1999). In addition, the inmate's release date will be extended by the number of days he was out of prison § 944.275(2)(c), Fla. Stat. (1989, 1991); Gay v. Singletary, 700 So.2d 1220 (Fla. 1997); Rivera v. Singletary, 707 So.2d 326 (Fla.1998).
Basic gain time under section 944.275(4)(a), Florida Statutes (1989, 1991) is applied in a lump sum when the Department first receives custody of the inmate and is subject to forfeiture thereafter depending on the inmate's conduct. See Fla. Admin. Code R. 33-603.402(3)(c); § 944.275(5), Fla. Stat. (1989, 1991); § 944.28(1), Fla. Stat. (1989, 1991); Singletary v. Jones, 681 So.2d 836, 837 (Fla. 1st DCA 1996); Williams v. Wasi, 681 So.2d 839, 840 (Fla. 4th DCA 1996).
Petitioner Hull understands the forfeiture of the previously awarded basic gain time but thinks that he is entitled to additional basic gain time under §§ 947.141(4) and 944.275(4)(a)3, Fla. Stat. (1989, 1991). He misconstrues these statutes. The first statute makes it clear that only previously awarded gain time is subject to forfeiture, and the second authorizes the award of basic gain time when a new maximum sentence expiration date is established because of additional sentences.
Hull has received concurrent 12-year sentences for which he was awarded 1440 days of basic gain time upon his arrival in prison, 125 days of which were forfeited due to disciplinary action before his release to conditional release supervision, and the remainder was forfeited on his return to prison as a violator. Since no new sentence has been imposed, there is no more basic gain time due him. He, however, has been awarded additional incentive gain time since his return to prison because that type of gain time is awarded monthly, as opposed to a lump sum up front the way basic gain time is awarded.
Therefore, it is ORDERED and ADJUDGED that the petition for writ of mandamus is DENIED.
The petition for writ of certiorari is DENIED.
MINER, VAN NORTWICK and PADOVANO, JJ., CONCUR.
NOTES
[1] Although section 947.141(4), Florida Statutes (1991) is the applicable statute to appellant's situation, section 947.141 was rewritten in 1993 and subsection (4) with changes became subsection (6).