816 So.2d 1150 (2002)
Shane R. GOVE, Petitioner,
v.
FLORIDA PAROLE COMMISSION, et al., Respondent.
No. 1D01-1249.
District Court of Appeal of Florida, First District.
April 26, 2002.
Rehearing Denied June 3, 2002.
*1151 Shane R. Gove, pro se.
Mark J. Hiers, Assistant General Counsel, Florida Parole Commission, Tallahassee, for Respondent.
VAN NORTWICK, J.
By a petition for writ of certiorari, Shane R. Gove seeks review of the trial court's order denying his petition for writ of habeas corpus. In that habeas petition, Gove contended that his detention was illegal because he had been unlawfully classified as a conditional releasee when he was released from prison in 1998 and that, as a result, his return to prison upon the Florida Parole Commission determining that he had violated the terms of his conditional release was unlawful. We agree with Gove that the trial court departed from the essential requirements of law in denying the petition for writ of habeas corpus and, accordingly, we grant the petition for writ of certiorari.
In 1992, Gove was convicted of several counts of robbery and sentenced to serve seven years in prison to be followed by three years of probation. Thereafter, he was sentenced to a three-year prison term for dealing in stolen property, which sentence was to be served concurrent with the previously imposed seven-year sentence. In 1994, Gove escaped, then was captured and returned to prison. He was never convicted of an offense relating to the escape. Instead, the Circuit Court for Hillsborough County treated Gove as a probation violator and ordered him to serve an overall nine-year term of incarceration for his robbery convictions. This treatment of Gove as a probation violator is inexplicable, because Gove was serving his seven-year sentence when he escaped and had not begun to serve the probationary period imposed.
On August 24, 1998, Gove was released under conditional release supervision. His release was revoked on July 26, 2000, after the Commission determined that he had violated the terms of his conditional release, and Gove was returned to prison. Gove's petition for writ of habeas corpus was denied upon the trial court's finding that Gove had waived the right to challenge the legality of his conditional release once he accepted the benefits of early release.
Section 947.1405(2), Florida Statutes (1997), provides, in pertinent part, that conditional release is appropriate for
(2) Any inmate who:

*1152 (a) Is convicted of a crime committed on or after October 1, 1988, and before January 1, 1994, and any inmate who is convicted of a crime committed on or after January 1, 1994, which crime is or was contained in category 1, category 2, category 3, or category 4 of Rule 3.701 and Rule 3.988, Florida Rules of Criminal Procedure (1993), and who has served at least one prior felony commitment at a state or federal correctional institution;
(b) Is sentenced as a habitual or violent habitual offender or a violent career criminal pursuant to s. 775.084; or
(c) Is found to be a sexual predator under s. 775.21 or former s. 775.23, shall upon reaching the tentative release date or provisional release date, whichever is earlier, as established by the Department of Corrections, be released under supervision subject to specified terms and conditions, including payment of the cost of supervision pursuant to s. 948.09.
Gove contends that the Commission misinterpreted his offense history and, based on that misinterpretation, improperly applied the provisions of the conditional release program to him. He concedes that his 1992 robbery conviction constitutes a category 3 offense subject to the provisions of section 947.1405(2)(a). That statute, however, requires not only that the inmate be convicted of a qualifying crime, but also that the inmate have "served at least one prior felony commitment at the time of the conviction." It is undisputed, that Gove had not served a prior felony commitment. Gove argues that the Commission mistakenly interpreted his imprisonment following the 1994 escape as a second, or subsequent, felony commitment. He contends that he never completed service of the robbery commitment until he was released on conditional release supervision. Further, he contends that his acceptance of conditional release did not constitute a waiver of his right to object to the impropriety of applying the provisions of section 947.1405 to him. We agree.
This court's certiorari review is limited to a decision whether the circuit court afforded procedural due process and whether the circuit court applied the correct law. Sheley v. Florida Parole Comm'n, 703 So.2d 1202 (Fla. 1st DCA 1997), approved, 720 So.2d 216 (Fla.1998). Here, the trial court erroneously determined that Gove's acceptance of the benefits of conditional release constituted a waiver of his right to challenge the legality of that release.
At the outset, we note that under Florida law Gove's conditional release was not a benefit, but an additional burden to him. As stated in Evans v. Singletary, 737 So.2d 505, 507 (Fla.1999):
Conditional Release (as opposed to Control Release, Provisional Credits, and Administrative Gain Time) is not an early release program. Conditional Release is an extra post-prison probationtype program. In other words, when an inmate is released due to gain time from a sentence that is eligible for conditional release, instead of going free as other offenders would do (unless they have probation or some other supervision to follow), these offenders are placed on supervision for the amount of time equal to the gain time they have accrued. If they violate their supervision, gain time is forfeited and the inmate is returned to prison to continue serving the sentence(s).
The Conditional Release Program Act "was designed to prevent certain repeat offenders' early, unsupervised release from incarceration, by making them subject to supervision, in the event of early *1153 release, and to possible reincarceration." Lincoln v. Florida Parole Comm'n, 643 So.2d 668, 670 (Fla. 1st DCA 1994). Thus, even though Gove was released early because of gain time, if he was not subject to the Act, then he would have completed his sentence in full and would not be under any further supervised release. As a result, it cannot be said that conditional release was a benefit to Gove, because there was no lawful basis on which conditional release could have been imposed on him.
Moreover, in Westlund v. Florida Parole Comm'n, 637 So.2d 52 (Fla. 1st DCA 1994), this court stated that the Commission's application of the criteria for conditional release does not constitute a judgment or judicial order to which a prisoner is required or permitted to object. In Westlund, the Commission argued that the defendant there had waived his objection to the method of determining his last date of supervision by not challenging the terms of his conditional release prior to its revocation. For this proposition, the Commission relied upon Brown v. State, 305 So.2d 309 (Fla. 4th DCA 1974), a case dealing with a probationer who was deemed barred from challenging the constitutionality of one of the conditions of his probation at his revocation hearing. This court stated:
Here [in Westlund] there was no judicial order or any judgment to which appellant was required (or allowed) to object. Terms of conditional release are established by the Parole Commission, whereas probationary terms are a part of the sentence handed down by a court.
Westlund, 637 So.2d at 55.
Turning to the Commission's application of conditional release to Gove, we agree with Gove that, as a matter of statutory construction, section 947.1405(2) does not apply to him. The statute clearly requires that to qualify for conditional release, an inmate, who is not an habitual or violent habitual offender or a violent career criminal or a sexual predator under section 947.1405(2)(b) or (c), must have been convicted of one of the qualifying crimes in section 947.1405(2)(a) and have served time for at least one prior felony. See Parole Com'n v. Cooper, 701 So.2d 543, 544 (Fla.1997); Hull v. Moore, 790 So.2d 560, 562 (Fla. 1st DCA 2001). This construction of the statute is consistent with the Commission's own rule 23-23.006(11), Florida Administrative Code, which defines prior felony commitment as follows:
(11) Prior felony commitmentmeans an offense or offenses which resulted in an adjudication of guilt of a felony and a sentence of incarceration. Both the consummation of the criminal offense[s] and the subsequent conviction[s] and incarceration[s] must obtain at some date earlier in time than the offense[s] resulting in commitment to incarceration for the present offense of conviction.
While the Commission argues that it is in the process of changing this rule, the current rule is consistent with the statute, presumptively valid, and will be accorded due consideration by this court. See City of Palm Bay v. State Dep't of Transp., 588 So.2d 624, 628 (Fla. 1st DCA 1991)(holding a duly promulgated administrative rule is "presumptively valid until invalidated in a section 120.56 rule challenge.").
The petition for writ of certiorari is GRANTED.
KAHN and LEWIS, JJ., concur.