PETERSON, J.
Harry Mosley appeals the denial of his petition for a writ of habeas corpus. He is entitled to relief.
Mosley was adjudicated guilty in 1989 of attempted sexual battery upon a child under 12 years in Count 1 of. Case No. 88-183 and lewd and lascivious act upon a child under 16 years in Count II of the same case. Both counts are category 2 offenses pursuant to Rule 3.701, Florida Rules of Criminal Procedure. He was sentenced to a term at a state correctional institution followed by probation. At the same time, he also entered a plea of no contest in Case No. 88-118 to two counts of the sale of cocaine for which adjudication was withheld and he received only probation. ,
On September 10, 1991, Mosley was convicted of perjury and sentenced to five years in state prison consecutive to the incarceration imposed in Case No. 88-183.
After having served his time in prison, he began his term-of probation in June, 1995. On March 21, 1997, in Case No. 96-199, he was convicted of the offense of corruption by threats against a public servant and sentenced to a term of 40 months. Additionally on March 21, 1997, he was found to have violated probation and re-adjudicated guilty of the offenses in Case Nos. 88-183 and 88-118 and sentenced to prison.
In July, 1999, Mosley was released from prison, but was placed on conditional release supervision, pursuant to section 947.1405, Florida Statutes (1988 Supp.) which provides:
(2) Any inmate who is convicted of a crime committed on or after October 1, 1988, which crime is contained in category 1, category 2, category 3 or category 4 of Rule 3.701 and Rule 3.988, Florida Rules of Criminal Procedure, and who has served at least one prior felony commitment at a state or federal correctional institution or is sentenced as a habitual or violent habitual offender pursuant to s. 775.084 shall, upon reaching the tentative release date or provisional release date, whichever is earlier, as established by the Department of Corrections, be released under supervision subject to specified terms and conditions ....
(Emphasis added).
Mosley then violated the conditions of his release in January, 2000. The conditional release was revoked and he was reincar-cerated. He now contends that the conditions of his release in July, 1999 were wrongfully imposed because his offenses did not qualify for conditional release under section'947.1405 and that he should be released.
The trial court reasoned that:
Plaintiff was eligible for Conditional Release supervision as to his conviction for Lewd and Lascivious Act Upon a Child Under 16 Years imposed on March 21, 1997. The offense was committed after the effective date of the Conditional Release Program, Lewd and Lascivious Act is/was a Sentencing Guidelines Category 2 offense (see Rule 3.899(c), Fla. R.Crim. P.), and Plaintiff *397 had “served at least one prior felony commitment at a state or federal correctional Institution”, that being his commitment for Attempted Sexual Battery in case no. 88-183.
Plaintiff was also eligible for Conditional Release supervision as to his conviction for Attempted Sexual Battery in case no. 88-183. Following his release to probation after serving his first commitment to state-prison for Attempted Sexual Battery, he violated his probation, was readjudicated guilty, and received new commitments to state prison. The operative language of Section 947.1405, Fla. Stat. plainly requires a “prior felony commitment” for Conditional Release eligibility, not a “prior felony”. Here, Plaintiff received his initial (“0”) commitment to state prison for Attempted Sexual Battery. He satisfied that commitment and was released to probation. Upon violation of his probation, he was readjudicated guilty and was sentenced to a second (“A”) commitment to state prison. Because the offense was committed after the effective date of the Conditional Release Program, and because Attempted Sexual Battery is/was a Sentencing Guidelines Category 2 offense (see Rule 3.988(c) Fla. R.Crim. P.), and because Plaintiff had “served at least one prior felony commitment at a state or federal correctional Institution”, that being his “0” commitment for Attempted Sexual Battery in case no. 88-183, he was properly placed on Conditional Release.
The flaw in the trial court’s reasoning is that the only post October 1, 1988 convictions that could be classified as categories one through four were the 1989 convictions in Case No. 88-183. Mosley could not have been readjudieated guilty of these crimes upon violating probation on March 21,1997 because he had already been adjudicated guilty in 1989. It is a basic principle that he could not be found guilty twice of the same crime. Additionally, section 948.06(1), Florida Statutes, and Florida Rule of Criminal Procedure 3.790(b) specifically describe the action to be taken by a court upon revoking probation. Adjudication of guilt of the crime forming the basis of the probation is only authorized if no adjudication of guilt has been made previously.
The March 21, 1997 readjudication of guilt of the offenses in Case No. 88-183 was a nullity and could not qualify as the crimes prescribed by section 947.1405. When the convictions of the offenses in Case No. 88-183 took place in 1989, Mosley had never served a prior felony commitment.. His criminal history began, in 1989 with those crimes.
When Mosley was released from prison in July, 1999, he was incorrectly placed on conditional release simply because the predicate crimes prescribed by the statute did not exist. He should have been released without the conditions imposed-under authority of section 947.1405 and therefore should not have been reincarcer-ated for having violated those conditions.
Accordingly, the order denying habeas corpus relief is reversed. If Mosley is not presently incarcerated for any reason other than the violated conditions imposed with respect to the conditional release related to the 88-183 case, he should be released.
REVERSED and REMANDED.
GRIFFIN, J., concurs.
PLEUS, J., dissents without opinion.