ORFINGER, R.B., J.
Larry Jongewaard seeks certiorari review of a trial court order denying his petition for writ of habeas corpus. In his habeas petition, Jongewaard contended that he had been improperly classified as a conditional releasee upon his release from prison, and that as a result, his return to prison upon the Florida Parole Commission’s determination that he had violated the terms of his conditional release was unlawful. Because we agree that the law was incorrectly applied, we grant the petition for writ of certiorari.
In 1989, Jongewaard was adjudicated guilty of attempted second degree murder and sentenced to seven years in prison followed by five years of probation. After being released from prison, Jongewaard violated his probation and was returned to prison for twelve years with credit for time served. In 1999, Jongewaard was released on conditional release supervision. He was returned to prison in 2001 after his release was revoked, following the Commission’s determination that he had violated the terms of his conditional release.
Conditional release is a creature of statute. Section 947.1405, Florida Statutes (1989),[1] provides, in pertinent part, that conditional release applies to:
(2) Any inmate who is convicted of a crime committed on or after October 1, 1988, which crime is contained in category 1, category 2, category 3 or category 4 of Rule 3.701 and Rule 3.988, Florida Rules of Criminal Procedure, and who has served at least one prior felony commitment at a state or federal correctional institution or is sentenced as a habitual or violent habitual offender pursuant to s. 775.084 shall, upon reaching the tentative release date or provisional release date, whichever is earlier, as established by the Department of Corrections, be released under supervision subject to specified terms and conditions ....
*1011 (Emphasis added). Attempted second degree murder is a category one offense. See Fla. R.Crim. P. 3.701(c).
Jongewaard contends that the Commission improperly classified him as a conditional releasee on his release from prison. Specifically, he argues that because his first “commitment” (his original sentencing) and his second “commitment” (when he violated probation) were based on the same conviction (attempted second degree murder), and he had never previously been committed to prison, he was not a repeat offender as required by the statute as a prerequisite to conditional release status. The Commission contends that separate “commitments” on the same felony conviction allow an offender to be classified as an offender for conditional release status. The trial court accepted the Commission’s interpretation of the statute and denied Jongewaard’s petition for habeas corpus.
This court’s certiorari review is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law. Sheley v. Fla. Parole Comm’n, 703 So.2d 1202 (Fla. 1st DCA 1997), approved, 720 So.2d 216 (Fla.1998). We conclude the trial court failed to apply the law correctly when it determined that Jongewaard had served at least one prior felony commitment, although the trial judge’s error was understandable due to the lack of appellate consideration of the issue.
After the trial court’s order was rendered, this issue was addressed for the first time by the appellate courts. In Gove v. Flonda Parole Commission, 816 So.2d 1150 (Fla. 1st DCA 2002), the court explained:
The statute clearly requires that to qualify for conditional release, an inmate, who is not an habitual or violent habitual offender or a violent career criminal or a sexual predator under section 947.1405(2)(b) or (c), must have been convicted of one of the qualifying crimes in section 947.1405(2)(a) and have served time for at least one prior felony. See Parole Com’n v. Cooper, 701 So.2d 543, 544 (Fla.1997); Hull v. Moore, 790 So.2d 560, 562 (Fla. 1st DCA 2001). This construction of the statute is consistent with the Commission’s own rule 23-23.006(11), Florida Administrative Code, which defines prior felony commitment as follows:
(11) Prior felony commitment — means an offense or offenses which resulted in an adjudication of guilt of a felony and a sentence of incarceration. Both the consummation of the criminal of-fensefs] and the subsequent conviction[s] and incarcerationfs] must obtain at some date earlier in time than the offense[s] resulting in commitment to incarceration for the present offense of conviction.
While the Commission argues that it is in the process of changing this rule, the current rule is consistent with the statute, presumptively valid, and will be accorded due consideration by this court. See City of Palm Bay v. State Dep’t of Transp., 588 So.2d 624, 628 (Fla. 1st DCA 1991)(holding a duly promulgated administrative rule is “presumptively valid until invalidated in a section 120.56 rule challenge.”).
Id. at 1153. See also Mosley v. State, 820 So.2d 395 (Fla. 5th DCA 2002).
When Jongewaard was released from prison in 1999, because he did not have the requisite prior felony commitment required by the statute or the Commission’s rule, he was improperly placed on conditional release status. Accordingly, he should have been released without the conditions imposed pursuant to section 947.1405, and should not have been rein- *1012 carcerated for having violated those conditions.
The order denying habeas corpus is quashed. This matter is remanded to the trial court for further proceedings consistent herewith.
PETITION GRANTED.
SHARP, W., and PETERSON, JJ., concur.

. Jongewaard’s offense was committed on April 23, 1989.