PER CURIAM.
Robert S. Hayes seeks certiorari review of an order of the circuit court denying his petition for writ of habeas corpus. In that petition, Hayes argued that he was improperly subjected to conditional release supervision upon his release from prison, and that as a result,, his return to prison based on the Florida Parole Commission’s determination that he had violated the terms of his supervision was. unlawful. We agree with Hayes that the Parole Commission acted without statutory authority when it subjected him to conditional release supervision, and that the circuit court departed from the essential requirements of law when it concluded otherwise.
Although our scope of review is narrow, certiorari will lie to correct an erroneous determination that an inmate is subject to the conditional release program. See, e.g., Jongewaard v. State, 824 So.2d 1009 (Fla. 5th DCA 2002); Gove v. Florida Parole Commission, 816 So.2d 1150 (Fla. 1st DCA 2002). As it is relevant here, section 947.1405(2)(a), Florida Statutes, provides that conditional release is required for any inmate who commits a qualifying offense “and who has served at least one prior felony commitment at a state or federal correctional institution.” It is undisputed that Hayes was serving a sentence for a qualifying offense and that he was previously convicted of a felony in Massachusetts, but as he argues, he did not serve his prior felony commitment at a *680 state or federal correctional institution, as is required in order to be statutorily eligible for conditional release supervision.
In determining that Hayes had a “prior felony commitment” and thus was subject to conditional release, the Parole Commission relied on a 1981 Massachusetts conviction for breaking and entering. Under Massachusetts law, the offense committed by Hayes was punishable by imprisonment in the state prison for not more than twenty years or in a jail or house of correction for not more than two and one-half years. Although a state prison sentence was statutorily authorized, Hayes was sentenced to a term of two years in a house of correction, which under the statutory law of Massachusetts is a county facility. Indeed, the distinction between a sentence to state prison and one to a county house of correction is clearly recognized in Massachusetts case law. See, e.g., Commonwealth v. Gagnon, 387 Mass. 567, 441 N.E.2d 753 (1982); Sheriff of Middlesex County v. Commissioner of Correction, 383 Mass. 631, 421 N.E.2d 75 (1981).
As we read section 947.1405(2)(a), the requirement that an inmate’s prior felony commitment be to a state or federal correctional institution is unambiguous. One of the fundamental rules of statutory construction is that when the language under review is clear and unambiguous, it must be given its plain and ordinary meaning. See Holly v. Auld, 450 So.2d 217 (Fla.1984). In such a case, there is no occasion to resort to other rules of statutory construction. See McLaughlin v. State, 721 So.2d 1170 (Fla.1998).
On the basis of the foregoing, we conclude that the circuit court should have accorded section 947.1405(2)(a) its plain meaning and thus found that because Hayes had not served his prior felony commitment at a state or federal correctional institution, the Parole Commission was without statutory authority to subject him to conditional release supervision. Accordingly, we grant the petition for writ of certiorari, quash the circuit court’s order, and remand with instructions to order that Hayes be immediately released from the custody of the Department of Corrections.
WEBSTER, VAN NORTWICK and POLSTON, JJ., concur.